## Richmond

C. H. Lamb, Acting Commissioner of the Division of
Motor Vehicles of the Commonwealth of Virginia
v. Joseph Minetree Lanzarone, Sr.

May 3, 1954.

Record No. 4236.

Present, All the Justices.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General* and *D. Gardiner
Tyler, Assistant Attorney General,* for the appellant.

*Emanuel Emroch,* for the appellee.

MILLER, J., delivered the opinion of the court.

On July 14, 1953, C. H. Lamb, Acting Commissioner of Motor Vehicles, hereinafter called Commissioner, entered an order revoking for a period of sixty days the license of Joseph Minetree Lanzarone, Sr., hereinafter called appellee, to operate a motor vehicle in the State of Virginia. The Commissioner had received abstracts of conviction from the clerk of the Traffic Court of the city of Richmond disclosing that appellee had been convicted of two offenses committed within twelve months of operating a motor vehicle at an unlawful rate of speed. Section 46-414, 1952 Supplement, Code of 1950. Upon receipt of these abstracts the order of revocation was entered under the mandatory provisions of section 46-416.1, 1952 Supplement, Code of 1950, Acts 1952, ch. 666, p. 1117.

This suit in equity was then filed by appellee against the Commissioner. In his bill he admits that one conviction was valid but charged that the other conviction was void because

(1) The charge made against him was that of "speeding on No. 2d St." in the city of Richmond, which language, he says, failed to state an offense;

(2) That he had not been tried and convicted within the meaning of the law; and

(3) That section 46-416.1, *supra*, is unconstitutional and void.

The trial court held and decreed "that the records of and proceedings in the Traffic Court of the City of Richmond fail to show that complainant, Joseph Minetree Lanzarone, Sr., was either adjudicated guilty or convicted on July 3, 1952, or any other date of the offense of 'Speeding' allegedly committed on June 29, 1952 * * *" and perpetually enjoined the Commissioner from enforcing the order of revocation of July 14, 1953. The Commissioner sought and obtained an appeal.

The evidence discloses that when appellee was arrested on June 29, 1952, for violating the traffic ordinance of the city of

Richmond, he was given a summons in accordance with the provisions of section 40-170 of the traffic code of the city, which section substantially parallels section 46-193, 1952 Supplement, Code of Virginia, 1950. The summons charged Lanzarone with "speeding" and cited him to appear at the Traffic Court on July 3, 1952. The citation was acknowledged and signed by appellee and was sent by the Police Department to the Traffic Court and from it the charge against appellee was recorded by the clerk of the court upon the court docket sheet. The original of the summons was placed in a folder and there kept until July 3.

As an accommodation to the public, the judge of the Traffic Court has promulgated a schedule of fines for traffic violations and has authorized the clerk of the court to accept fines in advance in accordance with that schedule. When a party is arrested and summoned for violation of the traffic law, he is thus allowed to appear before trial and deposit with the clerk the scheduled sum and fine applicable to the offense with which he is charged and he is given a receipt by the clerk for the deposit.

It was inconvenient for appellee to appear at court on July 3, 1952, so on July 2, 1952, he sent his son to the Police Court with a blank check and upon inquiry it was ascertained from a deputy clerk that $6.85 was the scheduled sum payable for the offense with which appellee was charged. His son filled out the check in the sum of $6.85 and delivered it to the deputy clerk. When this sum was paid, it was entered on a docket sheet as paid on that date, and the receipt was delivered to appellee's son. The clerk's possession of the fund was the possession of the court, and the fund was subject to the court's order. 10 Am. Jur., Clerks of Courts, sec. 15, p. 951.

On July 3, 1952, appellee did not appear at court, and after the contested cases had been disposed of, the summonses in uncontested cases, which included appellee's citation, were handed to the judge. The clerk made the following entry on the back of appellee's summons, *i. e.,* "7.3.52, F. $5.00 Costs $1.85," and the summons was then signed by the judge,

thus indicating that such was his judgment. This signature was made personally by the judge by stamping his name and title under the entry made by the clerk on the summons. In their testimony given in this suit, the memorandum or entry that the clerk had made upon the summons to which the judge's signature was affixed, was interpreted by the clerk and judge to mean "July 3, 1952, Fine $5.00, Costs $1.85." This sum was in the usual course of business placed to the credit of the city of Richmond as any other fine or forfeit collected in the court.

We find no authorization of law for the payment to and collection of fines in advance by the clerk of the court. The procedure adopted does not comply with the requirements of sections 19-106 and 19-107, Code of 1950, and it is not approved by us. However, the payment was made to the clerk on July 2, 1952, and was used for the purpose intended by appellee. We need not determine whether or not appellee "has been tried and convicted" in the strict meaning of that term. The court had jurisdiction of the offense and of appellee, and the deposit purposely and deliberately made by him reached the court and was thus placed in the custody and under the control of the court and has been used for the purpose that appellee intended. Though the $6.85 was called a fine and costs in the entry made by the clerk and signed by the judge, it has, in any event, been forfeited to the use of the city. On the same principle and for the reasons assigned in the case of *Tate* v. *Lamb*, 195 Va. 1005, 81 S. E. (2d) 743, this day decided, we hold that this appropriation of the deposit to the use of the city by order of the court was and is a forfeiture authorized by sections 19-108 and 19-113, Code of 1950, since the fund was before the court at the instance of the accused. There was thus a conviction within the meaning of section 46-387 (4) which empowered the Commissioner to revoke appellee's license to operate a motor vehicle in Virginia.

No cross-assignment of error was made by appellee upon the other matters asserted in his bill. Yet it is not amiss to say

that we consider the charge of "speeding" on North Second street to be a sufficient charge of the offense for the reasons stated in the case of *Ladd* v. *Lamb*, 195 Va. 1031, 81 S. E. (2d) 756, this day decided.

The charge in the bill that section 46-416.1, *supra* is unconstitutional has also been determined to be without merit in the case of *Tate* v. *Lamb, supra.*

The decree appealed from is reversed, the injunction awarded against the Commissioner is dissolved, and the order of revocation of July 14, 1953, is restored to full force and effect.

*Reversed.*