## Richmond

C. H. LAMB, ACTING COMMISSIONER OF THE DIVISION OF
MOTOR VEHICLES OF THE COMMONWEALTH OF VIRGINIA
v. JAMES ELSON SCEARCE, JR.

C. H. LAMB, ACTING COMMISSIONER OF THE DIVISION OF
MOTOR VEHICLES OF THE COMMONWEALTH OF VIRGINIA
v. JAMES LLOYD DIXON.

C. H. LAMB, ACTING COMMISSIONER OF THE DIVISION OF
MOTOR VEHICLES OF THE COMMONWEALTH OF VIRGINIA
v. GEORGE L. JONES.

October 11, 1954.

Record Nos. 4315, 4316, 4318.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General* and *D. Gardiner Tyler, Assistant Attorney General,* for the appellant.

No appearance for the appellees.

MILLER, J., delivered the opinion of the court.

C. H. Lamb, Acting Commissioner of the Division of Motor Vehicles, hereinafter called Commissioner, received abstracts of conviction pursuant to § 46-414, 1954 Cum. Supp., Code of 1950, disclosing that James Elson Scearce, Jr., James Lloyd Dixon, and George L. Jones had each been convicted in Virginia of two offenses of operating a motor vehicle at an unlawful rate of speed. These offenses on the part of each appellee were committed within a period of twelve months, and in accordance with the provisions of § 46-416.1, 1954 Cum. Supp., Code of 1950, the Commissioner revoked for a period of sixty days the license of each offender to operate a motor vehicle in Virginia.

Upon revocation of his license each offender instituted a suit in equity against the Commissioner and claimed that one of the alleged convictions, in each case, for an offense committed in the city of Richmond, was void and prayed that his license to operate a motor vehicle be restored. From decrees granting the relief prayed for and enjoining the Commissioner from revoking the licenses, we granted appeals.

In the trial court none of the appellees contended that *both* convictions charged to him were invalid, but each asserted that his conviction in the Traffic Court of the city of Richmond was void and of no effect. Each said that he had never appeared in court or pleaded to the charge, and had not been convicted in the traffic court within the meaning of § 46-387(4), Code of 1950.

That section defines "conviction" as follows:

"(4) 'Conviction' means conviction upon a plea of guilty or the determination of guilt by a jury or by a court though no sentence has been imposed or, if imposed, has been suspended and includes a forfeiture of bail or collateral deposited to secure appearance in court of the defendant unless the forfeiture has been vacated, in any case of a charge conviction upon which requires or authorizes the Commissioner to suspend or revoke the license of the defendant; * * *"

When each offender was arrested, he was given a summons in accordance with the provisions of § 40-170 of the Traffic Code of the city of Richmond, 1953, (ordinance adopted March 10, 1952). That ordinance substantially parallels § 46-193, Code of 1950. The summons charged the offender with operating a motor vehicle at an unlawful speed and cited him to appear at the traffic court on a stated date and time to stand trial for the alleged offense. These citations were acknowledged and signed by the respective appellees and thereafter sent by the police department to the traffic court.

To accommodate appellees and at their instance, each was permitted to deposit with the clerk of the traffic court some days before the date fixed for the trial a sum of money to cover the contemplated fine and costs to be assessed in each case.

These appellees purposely availed themselves of this procedure and each deposited or had deposited with the clerk the sum that the clerk advised him was applicable to the offense with which each was charged. At the time these deposits were made, or shortly thereafter, they were entered on the docket sheet by the clerk. The amount of the deposit fixed and accepted as the fine, and the amount chargeable as court costs, were also entered on the summons in each instance, and on or before the return date, approved and signed by the judge. Typical of the entry on the summonses is that made in the case of James Lloyd Dixon, who had deposited $7.35. The entry is as follows:

"9-15-52

"Fined $5.00   Cost $2.35

Carleton E. Jewett

Judge Traffic Court, Richmond, Va."

These deposits were in the usual course of the court's business placed to the credit of the city as any other fine or forfeit collected in the court.

In no instance did any of these offenders appear in court in response to the summons or indicate that they desired to plead to the charge. They purposely made the deposit, knowing that it would be forfeited to the city.

The manner of making the monetary deposits with the clerk of the traffic court by these offenders was similar to that adopted in the case of *Lamb* v. *Lanzarone*, 195 Va. 1038, 81 S. E. (2d) 760. The procedure followed by the clerk and judge was for all practical purposes identical with that employed in that case. We there said:

"* * * The procedure adopted does not comply with the requirements of sections 19-106 and 19-107, Code of 1950, and it is not approved by us. However, the payment was made to the clerk on July 2, 1952, and was used for the purpose intended by appellee. We need not determine whether or not appellee 'has been tried and convicted' in the strict meaning of that term. The court had jurisdiction of the offense and of appellee, and the deposit purposely and deliberately made by him reached the court and was thus placed in the custody and under the control of the court and has been used for the purpose that appellee intended. Though the $6.85 was called a fine and costs in the entry made by the clerk and signed by the judge, it has, in any event, been forfeited to the use of the city. On the same principle and for the reasons assigned in the case of *Tate* v. *Lamb*, 195 Va. 1005, 81 S. E. (2d) 743, this day decided, we hold that appropriation of the deposit to the use of the city by order of the court was and is a forfeiture authorized by sections 19-108 and 19-113, Code of 1950, since the fund was before the

court at the instance of the accused. There was thus a conviction within the meaning of section 46-387 (4) which empowered the Commissioner to revoke appellee's license to operate a motor vehicle in Virginia." (At page 1041.)

For the reasons stated and on the authority of the decision of *Lamb* v. *Lanzarone, supra*, we hold that the sums deposited by the respective appellees were legally forfeited to the city of Richmond and that the appellees were convicted of the offenses charged against them within the meaning of § 46-387 (4), Code of 1950. It necessarily follows that · the decree appealed from by the Commissioner in each of these cases is reversed, the injunction awarded each appellee dissolved, and the order revoking each appellee's license to operate a motor vehicle in the State of Virginia is restored to full force and effect.

*Reversed and final judgment.*