# Richmond

JAMES EDWARD WILLIS V. COMMONWEALTH OF VIRGINIA, EX REL.

November 21, 1949.

Record No. 3607.

Present, All the Justices.

The opinion states the case.

*Walter H. Scott,* for the appellant.

*J. Lindsay Almond, Jr., Attorney General,* and *D. Gardiner Tyler, Jr., Assistant Attorney General,* for the Commonwealth.

Staples, J., delivered the opinion of the court.

This is an appeal from an order of the Hustings Court of the city of Roanoke pursuant to section 21 of the "Virginia

Motor Vehicle Safety Responsibility Act" (Acts 1944, pp. 587-609 incl.; Michie's Code, 1948 Supplement, sections 2154 (a1) to 2154 (a99) incl.). Section 21 of the Act (Michie's Supplement, 1948, sec. 2154 (a21)) was amended by Chapter 469 of the Acts of 1948 so as to confer upon the appellant this appeal as a matter of right.

Appellant, James Edward Willis, complains that the order which suspended the driving privileges of his operator's license for two months is erroneous for a number of reasons which will be hereafter considered.

The proceeding below was initiated by a notice given the appellant by the Commissioner of the Division of Motor Vehicles of Virginia, which was as follows:

"Under authority by Chapter 384, Acts of Assembly of 1944, you are hereby advised that a hearing will be held on July 27, 1948, at 10:30 o'clock A. M. in the Police Headquarters at Roanoke, Virginia, you are directed to appear and show cause why your operator's or chauffeur's license and/or registration should not be suspended or revoked for the following reasons to wit: The records of this Division indicate that you are a potentially unsafe driver of motor vehicles. The records indicate that you were convicted of reckless driving on March 14, 1947, in the Civil & Police Court, Roanoke, Virginia, and that you have been involved in accidents in this State on July 25, 1946; August 14, 1947, and April 2, 1948."

Appellant's challenge to the sufficiency of this notice we think is well taken. The nature of the proceeding instituted by the notice appears from the provisions of sections 15, 18 and 19 of the Act.

Section 15 provides that the Commissioner "is empowered to summon witnesses to attend upon, and to take testimony in, the hearings provided for in this act for the purpose of finding whether or not operators'. or chauffeurs' licenses, registration plates, or registrations should be suspended or revoked, or registration plates should be taken up."

Section 18 relates to the hearing of charges not necessarily

based on the records in the office of the Division of Motor Vehicles. It provides that the notice of the hearing "shall contain a statement of the charges to be heard."

Section 19, under which the present proceedings were instituted, is as follows:

"Upon any reasonable ground appearing in the records of the Division, the Commissioner may, when he deems it necessary for the safety of the public on the highways of this State, and after notice and hearing as hereinbefore provided, suspend or revoke for a period not to exceed five years, and not reissue during the period of suspension or revocation, the operator's or chauffeur's license of any person who is a violator of the provisions of the Motor Vehicle Code, as amended, and he may suspend or revoke for a like period, and not reissue during the period of suspension or revocation, any or all of his registration certificates and registration plates for any motor vehicle."

It is to be noted that Section 19 provides for the same kind of *notice and hearing* 'as hereinbefore provided,"—that is in sections 15 and 18.

The notice to the appellant contains no charge of any specific negligent or reckless conduct on his part in the operation of his motor vehicle. It assumes that the fact that the records of the division show that the appellant was convicted of reckless driving and that the vehicle he was operating had been involved in the three accidents, alone constituted a sufficient ground for the suspension or revocation of his operator's license. Upon this assumption, in the notice to appellant he was *directed to appear and show cause*" why his license should not be revoked or suspended.

Notice of the time, place and offense of which there had been a conviction would ordinarily be sufficient to inform the defendant of the event complained of. But in cases where the records of the Division giving rise to the complaint consist of accident reports or other documents, the specific acts or conduct relied on by the Commissioner with respect to each accident should be set out in the notice, as well as

the names of the operators of the other vehicles involved, if they appear on the reports.

Section 18, relating to the conduct of the hearing, also provides that the revocation of the license may be had when the necessary facts "are satisfactorily proved at the hearing." The burden of proof is upon the Commonwealth.

When the Commissioner has introduced in evidence a properly authenticated abstract of a conviction of the defendant of reckless driving, it may be said that this constitutes *prima facie* evidence that he operated his motor vehicle recklessly on the occasion involved, and casts upon the defendant the burden of proof that his conduct was not such as to show that he is an unsafe driver or that his continued operation of a motor vehicle constitutes a hazard to other highway users. If the explanation given in his testimony is reasonable and credible, especially when not contradicted by testimony of any other witness, it should not be disregarded but should be weighed along with the other evidence in the case. There are varying degrees of carelessness which may be the basis for a conviction of reckless driving, some evidencing much less regard for the safety of users of the highway than others. The circumstances attending each conviction are to be considered in reaching a conclusion. As we held in *Butler* v. *Commonwealth*, 189 Va. 411, 53 S. E. (2d) 152, the test is whether the revocation or suspension of the operator's license "is necessary for the safety of others on the highway." This must be determined on the basis of the past conduct of the defendant.

Appellant also assigns as error the action of the Hustings Court in admitting in evidence certain accident reports made to the Division by him, by the drivers of other cars involved and by the investigating officers, pursuant to the provisions of section 44 of the Act. He relies upon the following provision of section 47:

"(a) All accident reports made by persons involved in accidents or by garages shall be without prejudice to the individual so reporting and shall be for the confidential use

of the Division or other State agencies having use for the records for accident prevention purposes, except that the Division may disclose the identity of a person involved in an accident when his identity is not otherwise known or when he denies his presence of the accident.

"(b) No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the Division shall furnish upon demand of any person who has or claims to have made such a report or upon demand of any court a certificate showing that a specified accident report has or has not been made to the Division solely to prove compliance or non-compliance with the requirement that the report be made to the Division."

Section 48 contains substantially the same provisions with respect to the reports of officers who investigate an accident. ▮ The Assistant Attorney General contends that this is not "a trial, civil or criminal, arising out of an accident." The conduct of the appellant in connection with the accidents covered by the reports is material in this trial and was relied on by the Commissioner for the purpose of revoking appellant's license. It must be held, therefore, that this was a trial "arising out of" the accidents in question. The order appealed from recites the following:

"Upon consideration thereof, this Court is of the opinion and doth so find that Section 19 of Chapter 384, Acts of 1944, is constitutional and valid; that the evidence taken at the hearings on January 21, 1948, and July 27, 1948, by the Honorable John A. Jamison, Hearings Officer of the Division of Motor Vehicles, *together with the record of conviction and reports of accidents on file with the Division of Motor Vehicles*, justify the order of suspension issued by the Commissioner of the Division of Motor Vehicles (the respondent) on the 12th day of August, 1948, and that the relief prayed for in the petition should be denied." (Emphasis supplied).

We hold that it was prejudicial error for the court to consider the *ex parte* statements contained in the reports. A

fair trial, to be in conformity with the statutory provisions referred to above, required that the appellant be given an opportunity to cross-examine the persons who made these statements. The reports themselves were clearly inadmissible under the mandate of the statute.

The purpose of the statute is to deny the use of the highways to persons who are shown to have been so reckless in their customary operation of motor vehicles that a repetition of the same, or similar conduct, may be expected, and if it occurs, it will constitute a menace to the safety of others. The statute has not only a laudable object, but a necessary one. Accidents due to carelessness or recklessness are taking a terrible toll of life and limb. But it was intended to apply only to drivers who are, in fact, unsafe, and this fact the statute contemplates must be proved by clear and reliable evidence at a fair trial.

The Assistant Attorney General contends that the admission by appellant that he crossed the double lines in the center of the highway in driving up the long hill at Pulaski shows an offense of such enormity as to convict him of being a habitual reckless driver, and requires an affirmance of the order appealed from regardless of any errors in the proceeding. Appellant testified, however, that the car in front of him "was barely moving." The car he passed happened to be driven by a deputy sheriff, who charged him with reckless driving because he crossed a double line. It may be that he had ample vision of enough of the roadway ahead to enable him to pass a slowly moving vehicle without substantial risk.

Whether the incident would justify a conclusion of habitual recklessness would depend upon all the circumstances surrounding it. The ten dollar fine imposed would indicate that the trial justice did not consider the offense a very serious one.

The appellant also testified that the accident at Roanoke, as a result of which he was convicted of reckless driving and fined ten dollars, was not his fault but due to the negli-

gence of the driver of the other car, who, he said, was drinking. The other driver was not called as a witness in this proceeding.

It appears from the appellant's testimony that he was employed by the American News Company and had been driving a truck for that company five days a week for five years; and also that he had "a certificate from the Royal Indemnity Company for three years of good driving." He also stated that he does not drink intoxicants.

None of the testimony of the appellant was contradicted. The Commissioner relied solely upon the two abstracts of convictions of reckless driving and the accident reports.[1]

The order in this case was entered before our decision in *Butler* v. *Commonwealth, supra*, and the principles there stated were not applied in this trial. The order appealed from must be reversed and the case remanded for such further proceedings, if any, as the Commonwealth may be advised, not inconsistent with this opinion.

*Reversed and remanded.*

---

[1] The notice above set out was amended in the circuit court to include an additional reckless driving conviction, and this was proven. The two convictions, however, did not occur within a period of one year.