## Richmond

FRANK BADALSON v. C. H. LAMB, ACTING COMMISSIONER
OF THE DIVISON OF MOTOR VEHICLES OF THE
COMMONWEALTH OF VIRGINIA

May 3, 1954.

Record No. 4239.

Present, All the Justices.

The opinion states the case.

*Emanuel Emroch*, for the appellant.

*J. Lindsay Almond, Jr., Attorney General, D. Gardiner Tyler, Assistant Attorney General* and *Martin V. B. Bostetter, Jr.,* for the appellee.

MILLER, J., delivered the opinion of the court.

By an order of June 5, 1953, entered by C. H. Lamb, Acting Commissioner of Motor Vehicles, the license of Frank Badalson to operate a motor vehicle in Virginia was revoked for sixty days. The Acting Commissioner entered this order under the mandatory provisions of section 46-416.1, 1952 Supplement, Code of 1950, Acts 1952, ch. 666, p. 1117. He had received abstracts of conviction in compliance with section 46-414, 1952 Supplement, Code of 1950, showing that Badalson had been convicted of two charges of speeding committed within a period of twelve months.

In the bill of complaint filed by Badalson against the Acting Commisioner, he charged that the alleged convictions were void, and he alleged that section 46-416.1, *supra,* was unconstitutional. He prayed for a permanent injunction restraining the Acting Commissioner from enforcing the order of revocation but this was denied, and Badalson appealed.

On April 21 1953, Badalson was charged in the city of Alexandria, Virginia, with operating an automobile at an unlawful speed. The arresting officer served a summons upon accused which stated the offense with which he was charged and cited him to appear on April 24, 1953, before the Civil and Police Court of the city. This summons was issued in compliance with section 46-193, 1952 Supplement, Code of 1950. A copy was signed by Badalson and in it he agreed to appear for trial at the time and place specified. On April 22, 1953, accused went to the Police Department of the city of Alexandria and handed his copy of the summons to a police sergeant in attendance at the desk. He was told by the sergeant he could make "a $15.00 bond deposit" and if he did so, it would not be necessary that

he appear at court on April 24. He elected to make the deposit and upon doing so was given a receipt in the following words and figures:

> "No. 83361
>
> Police Department
> City of Alexandria
>
> April 22, 1953
> Received of Frank Badalson $15.00
> fifteen....................and 00/100 Dollars
> Collateral Deposit Docket No. 4619-L
> (Jacket          Sergt Baylor
> upstairs)        Desk officer"

This deposit of $15.00 was turned over by the desk sergeant to the clerk of the Civil and Police Court. On April 24 when accused was called for trial but did not respond, the cash deposit was forfeited by the court, and an entry reciting the disposition of the case and forfeiture of the deposit, *i. e.*, "forfeiture $15.00," was made by the clerk upon the records. At a later time, this entry of forfeiture was signed by the trial judge by writing his initials "J. R. D." thereon

Section 19-106, Code of 1950, provides for the giving of a personal recognizance and deposit in lieu of bail with surety before an officer authorized to admit to bail, and sections 19-108 and 19-113, Code of 1950, provide for the forfeiture of such a deposit upon non-appearance of the accused for trial. The material part of section 19-108 reads as follows:

"If there be default in any such recognizance, and if the case be not tried in the absence of the defendant and the money disposed of as hereinabove provided for, the forfeiture thereof shall be noted of record and proceedings had thereon, as provided by law, and the money so deposited shall be held subject to the order of the court upon the final disposition of such proceedings."

It is now contended by Badalson that as the desk sergeant to whom he delivered the $15.00 deposit was not an officer authorized to admit to bail as contemplated by section 19-106, *supra*, and because the receipt given to him was not in the form provided by section 19-107, Code of 1950, the forfeiture ordered and made by the court was void, and thus there has been no conviction under section 46-387(4), which declares forfeiture of such a deposit to be a conviction.

Process had been served upon and acknowledged by Badalson when he was charged with the misdemeanor and arrested. When he delivered the $15.00 to the desk sergeant and requested that it be transmitted to the court, it was for his convenience and to relieve him of the necessity of appearing to stand trial. It is true that the sergeant was not authorized to admit Badalson to bail or to receive the deposit, but accused was charged with the knowledge that the statutes permit the making of cash deposits with an officer authorized to admit to bail and provide for their forfeiture for non-appearance and declare the forfeiture to be a conviction. He could have given his personal recognizance and made this deposit with an officer authorized to admit to bail and demanded the official receipt prescribed by section 19-107. However, he elected to use this, a simple and more convenient mode of making the deposit, which, was, in fact, transmitted to the court. He also knew that the $15.00 deposit was to be forfeited if he did not appear, and he selected the desk sergeant to transmit the fund to the court. The mode of making the deposit was irregular, and the desk sergeant was not an officer authorized by statute to receive it. Nevertheless, when the deposit was delivered to the clerk of the court, it was held by him for the court, and it was in *custodia legis*. 6 Am. Jur., Bail and Recognizance, sec. 230, p. 159; 10 Am. Jur., Clerks of Courts, sec. 15, p. 951. Precisely what appellant intended and sought to have done was thus accomplished, and in this, a collateral attack upon the forfeiture and judgment of the court, he is in no position to complain of irregularities.

By virtue of the summons and its acknowledgment, the court had jurisdiction of the offense and of appellant's person, and when the $15.00 deposit was transmitted to the court in accordance with Badalson's request, it acquired full jurisdiction over that fund. The actual forfeiture of the deposit was a proceeding *in rem* against the fund under the court's control. 50 Am. Jur., Judgments, sec. 907, *et seq*.

No fraud is charged, and none of Badalson's rights have been denied. There was no irregularity attending the forfeiture of the fund after it reached the court. The irregularities incident to its deposit are chargeable to Badalson and of those he may not now be heard to complain. 6 Am. Jur., Bail and Recognizance, sec. 236, p. 162. *Sauskelonis* v. *The City of New Britain, et al.*, 89 Conn. 298, 94 A. 368.

Badalson was also arrested in Fairfax county for speeding. He received and signed a summons which cited him to appear for trial before the trial justice of that county. In this instance he made a cash deposit before a justice of the peace and gave his personal recognizance to appear for trial on the date and time specified. He received the form of receipt prescribed by section 19-107, *supra*, and a warrant was also issued charging him with the same offense embodied in the summons, but it was not served.

The summons issued under section 46-193, *supra*, constituted both the charge of the offense and process upon the accused. Service of the warrant was thus unnecessary. The cash deposit made with the justice of the peace was transmitted to the trial justice, and when accused failed to appear on the day set for his trial, it was forfeited as directed by sections 19-108 and 19-113, Code of 1950.

Both of these forfeitures of the funds placed in court by accused for that purpose constitute convictions within the intent and meaning of section 46-387(4) for the purpose of revocation of Badalson's license to operate a motor vehicle. *Lamb* v. *Parsons*, 195 Va. 353, 78 S. E. (2d) 707; *Tate* v. *Lamb*, 195 Va. 1005, 81 S. E. (2d) 743, this day decided.

In the opinion rendered today in the case of *Tate* v. *Lamb, supra,* section 46-416.1, *supra,* is held to be constitutional. For the reasons stated in that opinion, appellant's attack upon the constitutionality of that section is held to be without merit.

The decree of the trial court is affirmed.

*Affirmed.*