# Richmond

C. H. LAMB, COMMISSIONER OF THE DIVISION OF MOTOR VEHICLES OF THE COMMONWEALTH OF VIRGINIA v. CLARENCE JAMES MOZINGO.

October 8, 1956.

Record No. 4574.

Present, Hudgins, C. J., and Eggleston, Spratley, Miller and Whittle, JJ.

The opinion states the case.

*D. Gardiner Tyler, Jr., Assistant Attorney General, (J. Lindsay Almond, Jr., Attorney General,* on brief), for the appellant.

*George Mason, Jr.* and *J. T. Robertson* (*Hutt and Robertson,* on brief), for the appellee.

MILLER, J., delivered the opinion of the court.

The question presented is whether or not the circuit court properly reversed and annulled an order entered on August 3, 1955, by C. H. Lamb, Commissioner of Motor Vehicles, under authority of § 46-420, Code of 1950, which suspended for thirty days the operator's and chauffeur's licenses of Clarence James Mozingo.

The pertinent provisions of § 46-420 follow:

"The Commissioner may, after due hearing, * * * suspend or revoke for not more than one year * * * the operator's or chauffeur's license issued to any person * * * whenever it is satisfactorily proved * * * that the licensee under charges:

"(1) Has, by reckless or unlawful operation of a motor vehicle, caused or contributed to an accident resulting in death or injury to any other person or in serious property damage.

\* \* \* \* \* \* \*

"(4) Is habitually a reckless or negligent driver of a motor vehicle,

"(5) Has committed a serious violation of the motor vehicle laws of this State. * * *"

In a citation notice dated July 5, 1955, served upon Mozingo as provided for in § 46-420, he was charged

(1) with having committed serious violations of the motor vehicles laws of this State, *i.e.*, on March 11, 1955, for which he had been convicted on March 15, 1955 and on June 13, 1954, for which he had been convicted on July 6, 1954;

(2) with reckless or unlawful operation of a motor vehicle on December 20, 1954, and on June 13, 1954, which caused or contributed to accidents resulting in serious property damage, and

(3) with being habitually a reckless or negligent driver of a motor vehicle.

Upon evidence presented before a designated representative at a hearing held on July 12, 1955, the Commissioner found that specifications (3) charging that Mozingo was habitually a reckless or negligent driver was not sustained, but he held that specifications (1) and (2) were sustained and ordered the suspension of Mozingo's licenses.

In his petition of appeal to the circuit court Mozingo asserts that the "order of suspension is unsupported by the evidence * * *" and constitutes "an abuse of discretion" by the Commissioner.

The Commissioner's answer to the petition asserts that the evidence is ample to support the order suspending the licenses for thirty days. He also alleges that since the hearing on July 12, 1955, it has come to his attention that Mozingo had been convicted of other violations of the motor vehicle laws not charged in the notice of July 5, 1955, which are as follows:

| Date of Conviction | Court | Offense |
| --- | --- | --- |
| August 26, 1948 | Police Court of the City of Richmond | Speeding |
| March 2, 1951 | Trial Justice Court of Chesterfield County | Reckless driving |
| April 9, 1951 | Traffic Court of the City of Richmond | Speeding |
| November 7, 1951 | Trial Justice Court of Westmoreland County | Speeding |
| June 4, 1952 | Trial Justice Court of King and Queen County | Reckless driving (speeding 75-80 MPH) |

It was also asserted that the offense for which Mozingo was convicted on June 4, 1952, in the Trial Justice Court of King and Queen county constituted a serious violation of the motor vehicle laws. The Commissioner prayed that the court take into account these ad-

ditional violations, and now asks that the period of suspension of thirty days be lengthened, which he insists is permitted by § 46-424, Code of 1950, and should be ordered by this court.

Some evidence, in addition to that introduced before the Commissioner was presented to the circuit court. Summarized, the evidence offered before the Commissioner and the circuit court is to the following effect:

The abstract of conviction of July 6, 1954, shows that Mozingo was charged with reckless driving on June 13, 1954, but was "convicted of crossing solid line" and fined $10 and costs. Section 46-222, Code of 1950.

The testimony of officer L. D. Isbell, Jr., and William H. Fones given before the Commissioner was that at 8:30 p.m. on June 13, 1954, the automobile which was being driven by Mozingo crossed the center line of Route 3 and sideswiped the Fones car, which was proceeding in the opposite direction. The accident happened at the end of a slight curve that Mozingo had just negotiated and which the Fones car was entering, but the testimony definitely shows that the line in the center of the road was not solid but broken. Though Mozingo admitted that he was driving at 55 miles per hour, he said that he was blinded by the lights of a car preceding the Fones car, and thus could not see the line dividing the traffic lanes. The damage done to the Mozingo and Fones cars was estimated at $350 and $225, respectively.

The evidence given by deputy sheriff S. S. Hall bearing upon the offense of March 11, 1955, for which Mozingo was convicted on March 15, 1955, of speeding and fined $10 and costs shows that Mozingo was driving 55 miles per hour in a 35 mile zone within the town of Montross. The offense took place about 9:15 p.m., and the officer clocked the car's speed for a distance of about half a mile but said he did not consider the speed of 55 miles per hour in this 35 mile zone a serious violation because Mozingo was nearing the limit of the 35 mile zone.

[■] The evidence bearing upon the charge of reckless or unlawful operation of a motor vehicle that caused or contributed to an accident on December 20, 1954, shows that Mozingo failed to stop at a stop sign in the town of Colonial Beach. After passing the stop sign his car struck another automobile and caused the driver of that car to lose control of his vehicle which struck a tree. The latter car, which was valued at about $455, was demolished when it struck the

tree, and the evidence discloses that the driver was slightly injured and had to receive medical treatment.

The abstract of conviction from the trial justice court of King and Queen county under date of June 4, 1952, shows that Mozingo entered a plea of guilty to the charge of "reckless driving, speeds 75 to 80 miles per hour," and was fined $20 and costs.

Officer Moran who made the arrest did not testify before the Commissioner, but was called as a witness in the circuit court. Mozingo objected and challenged the Commissioner's right to have this witness testify because he had not been listed as a witness in the original citation notice as required by § 46-421, as amended, Acts 1952, c. 544, p. 850, or when the Commissioner added this charge to his list of offenses set out in his answer to Mozingo's petition of appeal. Mozingo did not claim to have been taken by surprise or request a continuance when the witness was allowed to testify. This officer merely testified that Mozingo was driving at 75 to 80 miles per hour when apprehended. That statement added nothing to what the abstract of conviction disclosed, and we find no merit in the objection.

Abstracts of other convictions introduced in evidence show that Mozingo was tried and convicted for the four offenses alleged to have been committed in the years 1948 and 1951.

Several witnesses, neighbors and associates of Mozingo, including a deputy sheriff of Westmoreland county, all of whom had observed his operation of automobiles over a period of years, testified without objection that in their opinion Mozingo was now a careful and competent driver. The testimony of some of these witnesses indicated that they would not have considered him a careful driver several years ago, but they said he had improved and they did consider him a careful driver as of the date of their testimony.

We agree with the Commissioner's finding and the conclusion of the trial court that the evidence fails to sustain the charge that appellee was habitually a reckless or negligent driver of a motor vehicle. This series of convictions for violation of the motor vehicle laws might have established that specification or charge as of an earlier date. However, the preponderance of the evidence tends to show that Mozingo was a competent driver and much more careful than he had been in previous years and was not an habitually reckless or negligent driver as of the time he was cited to appear before the Commissioner.

 Three of the specific charges, namely, that Mozingo operated his automobile carelessly and recklessly, speed 75 to 80 miles per hour; crossed the center line of the highway and sideswiped an on-coming car inflicting $575 damages upon the two vehicles, and failed to stop at a stop sign, and as a result struck and caused serious damage to another vehicle are undenied and clearly proved by the abstracts of conviction and oral testimony.

Mr. Justice Eggleston, speaking for the court in *Commonwealth v. Hill*, 196 Va. 18, 23, 82, S. E. 2d 473, said:

"It will be observed that Code, § 46-420, on which the present proceeding is based, provides that 'whenever' any one of the seven listed charges against a licensee has been 'satisfactorily proved at the hearing conducted by the Commissioner,' or his representative, the Commissioner may order a suspension or revocation of the license. Moreover, under item (5) of the section, a suspension or revocation may be ordered by the Commissioner upon a finding that the licensee 'has committed a *serious violation* of the motor vehicle laws of this State.' (Emphasis added.) Thus, satisfactory proof of a single 'serious violation' may warrant a suspension or revocation.

\* \* \* \* \* \* \*

"The statute does not define a 'serious' violation and hence we give the word its ordinary meaning. Webster's Unabridged Diction-ary lists among its definitions of 'serious': 'Not trifling; grave; giving rise to apprehension; attended with danger.' "

This language applies as well to item (1) of § 46-420 as it does to item (5).

Thus the ultimate question presented is whether or not a fair ap-praisal of the record shows that Mozingo "committed a serious violation of the motor laws of this State" or "by reckless or unlawful operation of a motor vehicle, caused or contributed to an accident resulting in \* \* \* serious property damage."

In applying §46-420, the Commissioner is permitted to exercise discretion, and upon appeal the trial court is vested with broad powers under § 46-424, Code 1950, as amended by Acts 1952, c. 544, p. 850. That section provides in part:

"(d) The court, sitting without a jury, shall hear the appeal on the record transmitted by the Commissioner and such additional evidence as may be necessary to resolve any controversy as to the

correctness of the record, and the court shall receive such other evidence as the ends of justice require.

"(e) The court may affirm the decision of the Commissioner or remand the case for further proceedings; or it may reverse or modify the decision if the findings, conclusion, or decision of the Commissioner is (1) in violation of constitutional provisions or (2) in excess of statutory authority or jurisdiction of the Commissioner; or (3) made upon unlawful procedure; or (4) affected by other error of law; or (5) unsupported by the evidence on the record considered as a whole; or (6) arbitrary, capricious, or an abuse of discretion; or (7) if such other evidence is heard may affirm, reverse or modify the decision as the ends of justice may require."

Though the trial court be vested with broad discretionary power under § 46-424, yet the Commissioner's order should not be vacated and annulled if his findings are supported by a preponderance of the evidence and he has applied correct principles of law to the proved facts.

The order of the trial court does not state the ground upon which reversal of the Commissioner's order was based; however, a brief opinion rendered by the court shows that the reversal was based upon a finding that the offense committed in 1952 of careless and reckless driving, speed 75 to 80 miles per hour, was remote and in the court's opinion did not justify suspension of Mozingo's license at this late date. The other more recent offenses did not, in the court's opinion, constitute sufficiently serious violations of the motor vehicle laws to warrant suspension of the offender's licenses.

These three offenses are clearly proved by the evidence, and two are of comparatively recent date, and we need only inquire and determine if these violations measure up to the character of offenses for which suspension or revocation of the operator's licenses may be rightly ordered under the provisions of § 46-420.

The offense of reckless driving (speeding 75 to 80 miles per hour) committed in 1952 to which Mozingo pleaded guilty is remote in point of time, but it was a "serious violation of the motor vehicle laws." His offense of crossing the center line of the highway and striking another vehicle, inflicting several hundred dollars damage to the two cars, was committed on June 13, 1954, and is clearly of like character. Failure to observe the stop sign, standing alone, might not be sufficient to meet the requirements of item (5) of § 46-420 and constitute a "serious violation of the motor vehicle laws", but here

what was done meets the requirements of item (1) of § 46-420, for it constitutes the "unlawful operation of a motor vehicle" which "caused or contributed to an accident resulting in * * * serious property damage."

Though the offense of 1952 be rejected, clearly proof of the latter two violations justified suspension of Mozingo's licenses for the period ascertained by the Commissioner. Because no tragedy was caused or resulted from his violations does not relieve the licensee of the seriousness of his acts. We need not determine whether or not this court is empowered by § 46-424, Code 1950, to increase the period of suspension now sought by the Commissioner for an over-all appraisal of the evidence leads us to the conclusion that the period of suspension fixed by the Commissioner meets the ends of justice in this case.

The judgment of the trial court is reversed, and the Commissioner's order of August 3, 1955, which suspended Mozingo's operator's and chauffeur's licenses for thirty days is re-instated and restored to full force and effect.

*Reversed and final judgment.*