## Richmond

C. H. LAMB, COMMISSIONER OF THE DIVISION OF MOTOR VEHICLES OF THE COMMONWEALTH OF VIRGINIA v. JACK RUBIN.

January 21, 1957.

Record No. 4596.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*D. Gardiner Tyler, Jr., Assistant Attorney General* (*J. Lindsay Almond, Jr., Attorney General*, on brief), for the appellant.

No brief nor argument for the appellee.

SPRATLEY, J., delivered the opinion of the court.

The controlling question presented in this case is whether the trial

court erred in modifying an order entered on October 26, 1955, by C. H. Lamb, Commissioner of the Division of Motor Vehicles, under authority of § 46-420, Virginia Code, 1950, which suspended for thirty days the operator's license of Jack Rubin.

The pertinent provisions of § 46-420 follow:

"The Commissioner may, after hearing * * * suspend or revoke for not more than one year * * * the operator's or chauffeur's license issued to any person * * * whenever it is satisfactorily proved * * * that the licensee under charges:

\* \* \* \* \* \* \*

"(4) Is habitually a reckless or negligent driver of a motor vehicle.

"(5) Has committed a serious violation of the motor vehicle laws of this State,

\* \* \* \* \* \* \*

"The Commissioner in determining the propriety of suspending or revoking a license as provided for in this section, may take into consideration facts and circumstances antedating the issuance of the current license."

Section 46-424 provides in part:

"Section 46-424. Appeal from order suspending or revoking license or registration.—(a) Any person aggrieved by an order or act of the Commissioner requiring suspension or revocation of a license or registration under the provisions of this chapter, may, within thirty days from the date of such order or act, file a petition of appeal in the Circuit Court of the City of Richmond or any court of record having jurisdiction in the city or county wherein such person resides, which said courts shall have jurisdiction thereof, with a copy of said petition being sent to the Commissioner at the time of the filing of the same in the aforesaid court, and the original shall show by certificate the date of mailing such copy to the Commissioner. No appeal shall lie in any case in which the revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute.

\* \* \* \* \* \* \*

"(d) The court, sitting without a jury, shall hear the appeal on the record transmitted by the Commissioner and such additional evi-

dence as may be necessary to resolve any controversy as to the correctness of the record, and the court shall receive such other evidence as the ends of justice require.

"(e) The court may affirm the decision of the Commissioner or remand the case for further proceedings; or it may reverse or modify the decision if the findings, conclusion, or decision of the Commissioner is (1) in violation of constitutional provisions or (2) in excess of statutory authority or jurisdiction of the Commissioner; or (3) made upon unlawful procedure; or (4) affected by other error of law; or (5) unsupported by the evidence on the record considered as a whole; or (6) arbitrary, capricious, or an abuse of discretion; or (7) if such other evidence is heard may affirm, reverse or modify the decision as the ends of justice may require."

The facts are not in conflict, and may be briefly stated as follows:

In a notice, dated September 14, 1955, served upon Rubin as provided for in § 46-420, he was charged with having committed and having been convicted of four serious violations of the motor vehicle laws of this State, and of being an habitually reckless or negligent driver of a motor vehicle, in that he had also been convicted of a serious violation of the motor vehicle laws of the State of North Carolina.

Upon the evidence presented before a designated representative, at a hearing held on September 21, 1955, the Commissioner found that it had been satisfactorily proven that Rubin had committed, and had been convicted of the following serious violations set out in the notice of the hearing:

"Convictions.

| Date | Court | Offense |
| --- | --- | --- |
| June 22, 1955 | Trial Justice Court of Essex County | Speeding 63 miles per hour |
| May 17, 1955 | Traffic Court of the City of Newport News | Running through red light |
| March 1, 1955 | Trial Justice Court of Holland, Virginia | Failure to stop at stop sign and light |
| January 13, 1951 | Trial Justice Court of Nansemond County | Speeding 65 miles per hour |
| April 18, 1953 | Recorder's Court of Southport, North Carolina | Speeding 80 miles per hour." |

In consequence, the Commissioner, on October 26th, ordered the suspension of Rubin's license for thirty days.

On November 18, 1955, Rubin invoked § 46-424, 1956 Cum. Supp., Code of 1950, and appealed to the circuit court. In his petition for an appeal, he alleged that the order of the Commissioner was "in violation of the Constitution, in excess of the statutory authority of the Commissioner, and was made upon unlawful procedure; and was arbitrary, capricious and in abuse of discretion."

The Commissioner answered the petition, and filed, as required by § 46-424 (b), transcript of the former proceedings of September 21st, 1955. He denied that the action taken by him was unlawful, and asserted that the evidence was ample to support his order suspending the license for thirty days. He also alleged that since the hearing on September 21, 1955, he had been informed that Rubin had been convicted of four other violations of the motor vehicles laws not listed in the notice of September 14, 1955, and not a subject of the hearing on September 21st, as follows:

"Convictions.

| Date | Court | Offense |
| --- | --- | --- |
| April 20, 1948 | Trial Justice Court of Elizabeth City | Speeding 65 miles per hour in 50 zone |
| December 10, 1948 | Traffic Court of the City of Newport News | Speeding 45 miles per hour in 15 zone |
| June 25, 1949 | Trial Justice Court of Hampton, Virginia | Speeding |
| March 13, 1950 | Recorder's Court of Dunn, North Carolina | Speeding 70 miles per hour." |

Copies of the abstracts of the additional convictions were attached to the answer as exhibits. In addition the Commissioner attached a photostatic copy of the application of Rubin for a driver's license, dated October 16, 1953, wherein Rubin had answered in the negative the following questions: (1) Whether he had ever been convicted in this State or elsewhere of any offense resulting from the operation of a motor vehicle, and, (2) Whether his privilege to drive had been suspended or revoked in this or any other State.

The Commissioner prayed the lower court to consider the additional evidence, affirm the order of the Commissioner suspending the license and lengthen the period of suspension to the extent deemed necessary and proper.

The trial court refused to receive or consider the evidence of the additional convictions, mentioned in the Commissioner's answer, and Rubin's application for a driver's license. Rubin did not testify. Upon consideration of the evidence as to the convictions charged in the notice of June 14, 1955, the court modified the order of the Commissioner and ordered the suspension of Rubin's driving license for a period of ten days.

The Commissioner assigns error to the action of the court in reducing the period of the suspension, to the refusal of the court to receive and consider the additional evidence, and to its failure to increase the period of suspension.

Summarized the evidence offered before the Commissioner at the September hearing was as follows:

On March 1, 1955, at 11:30 a. m., Rubin drove his automobile through a stop sign and stoplight, in plain view, at the intersection of Main Street and Route 58 in the Town of Holland, Virginia, during a period of heavy traffic. Rubin, when arrested, told the officer that he did not see the stop signals. He testified before the Commissioner's representative that "I recall there was no traffic on either side. I don't drive through traffic I don't care what the light is. Traffic coming or going."

On May 8, 1955, Rubin drove his automobile through a red light at the intersection of 28th Street and Washington Avenue, in Newport News, Virginia. He told the arresting officer that he did not see the traffic light as it changed from green to red. His conviction resulted on May 17th.

There was no question of the validity of the above two convictions nor any denial of the convictions in Essex County on June 22, 1955; in Nansemond County on January 13, 1951; and in North Carolina on April 18, 1953.

Rubin admitted to the Commissioner's representative with reference to the conviction in North Carolina, for speeding at 80 miles per hour, that he had driven his car at that unlawful rate of speed, because he was trying out a new car and there was no traffic on the highway. He further admitted that his operator's license in North Carolina was suspended as a result of that offense. He said, however, that he had

never been convicted of reckless driving and that he had never been involved in an accident except on an occasion when he backed into a man at a golf course.

Code, § 46-420, on which this proceeding is based, provides that "whenever" any one of the seven listed charges against a licensee has been "satisfactorily proved at the hearing conducted by the Commissioner" or his representative, the Commissioner may order a suspension or revocation of the license. Such suspension or revocation may be ordered under Item 5 of the section, if there is satisfactory proof of a single "serious violation;" *Commonwealth* v. *Hill*, 196 Va. 18, 23, 82 S. E. 2d 473, or under Item 4 for habitually reckless and negligent driving.

In applying § 46-420, the Commissioner is permitted to exercise discretion. He may suspend a license for a period as long as a year and as short as one day, as he may deem proper under the facts and circumstances of the particular offense. The suspension is designed to protect the public in the use of the highways, and to deny their use to "persons who are shown to have been so reckless in their customary operation of motor vehicles that a repetition of the same or similar conduct may be expected, and if it occurs, it will constitute a menace to the safety of others." *Willis* v. *Commonwealth*, 190 Va. 294, 301, 56 S. E. 2d 222; *Butler* v. *Commonwealth*, 189 Va. 411, 423, 53 S. E. 2d 152.

Rubin was shown to have been convicted of five violations of the traffic laws between January 13, 1951 and June 22, 1955, two of them in this State within one year. Additional evidence tendered in the trial court showed four other convictions between April 20, 1948 and March 13, 1950. Seven of the above nine convictions were on account of excessive speed and two for failure to observe traffic signals. Rubin does not deny his guilt in any instance.

Excessive speed upon the highway is not a trifling matter. It is generally attended with danger, likely to cause injury and damage. It may be that, by a momentary lapse of attention, or by means of certain attendant physical or surrounding circumstances, the driver of an automobile may fail to observe a traffic sign or light, and thus offer a reasonable excuse for the non-observance; *Lamb* v. *Taylor*, *ante* page 621, decided this day; but no such explanation or excuse is made here. Nor is any explanation or excuse offered for the excessive speed convictions.

■ Was it the duty of the trial court to hear and consider the

additional evidence of the convictions prior to 1951? We think it was.

The introduction of such evidence is expressly authorized by Item (d) of § 46-424, which provides that:

"The court, sitting without a jury, shall hear the appeal on the record transmitted by the Commissioner and such additional evidence as may be necessary to resolve any controversy as to the correctness of the record, and the court *shall receive such other evidence as the ends of justice require.*" (Emphasis added.)

The additional evidence tendered by the Commissioner was offered, of course, as additional proof of the charge that Rubin was an habitually negligent and reckless driver, and as affecting his veracity.

Item (e) of the same section empowers the trial court to reverse or modify the decision of the Commissioner, or remand the case for further proceedings if the decision is, (1) in violation of constitutional provisions or (2) in excess of statutory authority or jurisdiction of the Commissioner; or (3) made upon unlawful procedure; or (4) affected by other error of law; or (5) unsupported by the evidence on the record considered as a whole; or (6) arbitrary, capricious, or an abuse of discretion; or (7) *if such other evidence is heard may affirm, reverse or modify the decision as the ends of justice may require.*" (Emphasis added.)

Item (d) and subsection (7) of Item (e) were enacted in the interest of justice. Their application may operate for the benefit of the licensee in some instances, (*Lamb* v. *Taylor, supra*) and in some cases against him (*Lamb* v. *Mozingo*, 198 Va. 432, 438, 94 S. E. 2d 457). At any rate, competent probative evidence of facts and circumstances connected with the driving habits of a licensee, and of certain conditions attending a driving offense charged against him is helpful both to the Commissioner and to trial courts in arriving at a decision and applying the penalty, when a penalty is justified.

"Though the trial court be vested with broad discretionary power under § 46-424, yet the Commissioner's order should not be vacated and annulled if his findings are supported by a preponderance of the evidence and he has applied correct principles of law to the proved facts." (*Lamb* v. *Mozingo, supra*, 198 Va. at 438).

It should also be remembered that § 46-388 of the "Motor Vehicle Safety Responsibility Act" provides:

"It is the legislative intent that this chapter be liberally construed so as to effectuate as far as legally and practically possible and feasible

its primary objective to promote and further greater safety in the operation of automotive vehicles in this State."

 We find no merit in the contention that the order of the Commissioner was "in violation of the provisions of the Constitution." In several cases we have held that Code, § 46-416.1, 1956 Cum. Supp., Code of 1950, conferring power upon the Commissioner to mandatorily revoke licenses upon conviction of two or more violations of traffic regulations and law is constitutional. *Tate* v. *Lamb*, 195 Va. 1005, 81 S. E. 2d 743; *Badalson* v. *Lamb*, 195 Va. 1018, 81 S. E. 2d 750; *Ladd* v. *Lamb*, 195 Va. 1031, 81 S. E. 2d 756; *Lamb* v. *Lanzarone*, 195 Va. 1038, 81 S. E. 2d 760. The reasons stated in those cases apply with equal force to the constitutionality of § 46-420.

The suspension ordered by the Commissioner was clearly not in excess of the authority vested in him. The procedure he followed was in accordance with the statute, and not affected by any error of law; and we find nothing whatever to indicate that his order was arbitrary, capricious, or an abuse of discretion. The evidence before him was sufficient to warrant the entry of his order upon either of the grounds charged.

The case of *Lamb* v. *Taylor, supra,* is different factually and on principle from the instant case. In the cited case, Taylor had been convicted only of one momentary violation of the traffic laws. Upon appeal material evidence of probative value, relative to the circumstances attending that violation, not before the Commissioner, was presented to the circuit court. Here, it is needless to again recite the numerous convictions of Rubin. The additional evidence offered by the Commissioner at the trial of his case in the circuit court supported and sustained the discretion exercised by the Commissioner in suspending Rubin's license. The whole evidence showed that Rubin was a potentially dangerous driver with a bad driving record.

The present case presents a picture quite similar to that in the case of *Lamb* v. *Mozingo, supra.* In that case the trial court annulled the Commissioner's order suspending Mozingo's permit. Upon the trial in the circuit court, additional evidence was produced by both Mozingo and the Commissioner. The evidence in the entire proceedings showed that Mozingo had been convicted of the four specific charges considered by the Commissioner, and had also been convicted of five violations of the traffic law other than those introduced in evidence before him. In consideration of all the facts and circumstances, we reversed the judgment of the trial court, and reinstated

the Commissioner's order of suspension.

In conclusion, we are of opinion that the evidence in the present case warranted the Commissioner's order suspending Rubin's license for thirty days, and that in the interest of justice and law observance, it should have been affirmed by the trial court.

For the reasons stated, the judgment of the trial court is reversed, and the order of the Commissioner suspending appellee's operator's license for a period of thirty days from the date of its surrender to the Division of Motor Vehicles is reinstated.

*Reversed and final judgment.*