## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Lewis Kootner

    v.

Commissioner,
Division of Motor Vehicles, etc.

September 3, 1968

Case No. (Law) 4787

### By JUDGE EDWARD L. RYAN, JR.

Lewis Kootner appeals to this court from the action of the Commissioner of the Division of Motor Vehicles in suspending his automobile operator's license for a period of thirty days, pursuant to the provisions of Code of Virginia (1950), § 46.1-430. The Commissioner's action was taken, and was based, on the appellant's following driving record:

*Convictions*

| Date of Conviction | Court | Offense |
| --- | --- | --- |
| (1) Jan. 29, 1968 | Municipal Court, Part II, Norfolk, Va. | Fail to keep right |
| (2) Dec. 15, 1967 | County Court, New Kent Co., Va. | Following too close; Accident |
| (3) Nov. 28, 1967 | Municipal Court, Va. Beach, Va. | Improper turn |

(4) June 27, 1967      County Court, York      Improper
                       County, Va.             stopping
                                               on highway

*Accidents*

(1)   February 23, 1968, in Norfolk, Virginia, resulting
      in personal injury and property damage. (N.B. The
      appellant was acquitted of the traffic charges arising
      out of the accident.)

(2)   June 21, 1968, in Norfolk, Virginia, resulting in
      property damage. (N.B. No traffic charges involved.)

(3)   Conviction No. (2), above, involved an accident
      and minor property damage.

Standing alone, this court is not impressed by any
one of the above-listed convictions and accidents. It
is open to debate that the convictions involved "serious
violations," except perhaps for that of December 15,
1967. The accident of the 23rd of February, 1968, did
result in "serious property damage," but those of December
15, 1967, and June 21, 1968, involved minimal property
damage.

In his memorandum of law submitted to the court,
the Commissioner speaks of "the *totality* of Petitioner's
driving record," and the fact that the several convictions
and accidents occurred within a relatively short period
of time.

The Commissioner is vested with discretionary powers,
and while this court, in reviewing the actions of the
Commissioner, is also vested with broad discretionary
powers, it cannot vacate the Commissioner's order if
it is "supported by a preponderance of the evidence and
he has applied correct principles of law to the proved
facts." *Lamb v. Rubin*, 198 Va. 628 (1957). The court may,
of course, reverse or modify the decision if the Commission-
er has been guilty of an "abuse of discretion." (The several
other grounds for reversal or modification set out in
Code § 46.1-437 appear to have no application in this
matter.)

Thus, the court, sitting without a jury, must affirm, if the weight of the evidence before the Commissioner overbears, *in some degree*, the weight upon the other side, not necessarily in quantity, but in effect. In other words, the "totality" of effect.

Admittedly, the evidence against the Petitioner is not overwhelming; nevertheless, it is sufficient to support the fact that the Petitioner's record shows a thoughtless performance on his part. *Webster's New Collegiate Dictionary*, 2nd Ed., defines "thoughtless" as "1. Heedless; rash; reckless. 2. Destitute of thought. 3. Not thoughtful; inconsiderate." If this be so, then it follows that the Commissioner was also supported by the preponderance of the evidence in finding that the petitioner "Is *habitually* a reckless or *negligent* driver of a motor vehicle." Code of Virginia (1950), § 46.1-430(4).

Giving § 46.1-430 a liberal construction, the court being so charged by the General Assembly, and finding that there is sufficient evidence to justify the Commissioner's order, and that he did not abuse the discretion vested in him, the court must, and hereby does, affirm the decision of the Commissioner. Code of Virginia, Section 46.1-437(e).