## CIRCUIT COURT OF SUSSEX COUNTY

Commonwealth of Virginia

    v.

Floyd Lowery Brown, Jr.

August 22, 1990

By JUDGE ROBERT G. O'HARA, JR.

The following facts have been established in the above-captioned case.

The respondent became defined as a habitual offender under the provisions of § 46.2-351 of the Code of Virginia, as amended, as of the 6th day of January, 1989.

Subsequent thereto, respondent was advised by the Division of Motor Vehicles that he could reapply for his license on or after the 7th day of July, 1989.

The respondent was not advised by the Division of Motor Vehicles that he was within the definition of a habitual offender.

The respondent complied with all requirements of the Division of Motor Vehicles, was truthful in his application, paid the necessary reinstatement fee, and a license was reissued to him on the 12th day of July, 1989.

The Commissioner of the Division of Motor Vehicles has not acted administratively to revoke or suspend the respondent's privilege to drive.

On the 12th day of April, 1990, the Commonwealth moved to have respondent declared a habitual offender.

The above-stated facts, when applied to the existing law, do not permit this Court to declare the respondent a habitual offender.

The purpose of §§ 46.2-351 to 46.2-355 of the Code of Virginia is clearly stated in *Huffman v. Commonwealth*,

210 Va. 530 (1970): "for the protection of the public in removing from the highways a dangerous driver."

The purpose of § 46.2-402 of the Code of Virginia as stated in *Lamb v. Rubin*, 198 Va. 628 (1957) [is] "to protect the public in the use of the highways . . . ."

Sections 46.2-408 and 46.2-411 have the within-stated purpose of "the safety of the public on the highways of the Commonwealth . . . ."

The inescapable conclusion is that the purpose, both stated and by interpretation, of §§ 46.2-351 to 355 and 46.2-402, 46.2-408, and 46.2-411, are the same. Sections 46.2-402, 46.2-408, and 46.2-411 all permit the Commissioner to revoke, suspend, or, of significance to this case, not reissue a license when he deems or after a hearing finds it necessary for the safety of the public on the highways.

The Commissioner of the Division of Motor Vehicles, an agent and agency of the Commonwealth, having reissued a license to the respondent, now seeks to have him adjudged a habitual offender, effecting an immediate forfeiture of the reissued license.

This Court is of the opinion that the Commonwealth has waived or relinquished its right to have the respondent adjudged a habitual offender. This waiver is occasioned by the Commissioner's failure to act, and his conduct of reissuing to the respondent a license contrary to the spirit and purpose of the law.

Michie's Jurisprudence, Volume 14B, *Penalties and Forfeitures*, §§ 5 and 6 states:

> Forfeitures are not favored by the courts and will not be declared unless justice clearly demands it . . . . A forfeiture may be waived by a course of action of the person seeking same if the other party is led to believe that by conforming thereto the forfeiture will not result.

Corpus Juris Secundum, Volume 92, *Waiver*, defines Waiver:

> *Nature of Doctrine* -- Waiver is one of the most familiar of doctrines of the law, a technical

doctrine, of very broad and general application . . . and it also has been stated that waiver was introduced and is asserted by the courts for the purpose of defeating or affording relief against forfeiture, actually, the doctrine is not confined to any particular class of cases; it extends to rights and privileges of any character and is as broad in criminal cases as it is in civil cases. It is a doctrine, resting upon an equitable principle, which courts of law will recognize, that a person, with full knowledge of the facts, shall not be permitted to act in a manner inconsistent with his former position or conduct to the injury of another; a rule of judicial policy, the legal outgrowth of judicial abhorrence, so to speak, of a person's taking inconsistent positions and gaining advantage thereby through the aid of the courts.

Accordingly, the Show Cause against the respondent will be dismissed. A course of conduct by the Commissioner of the Division of Motor Vehicles, consistent with the reasoning of this opinion when the respondent's current license expires or is suspended would obviously bring about a different result.