## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Hugo Nelson Ruiz

October 4, 1990

Case No. (Law) 96995

By JUDGE THOMAS S. KENNY

This matter is before the Court on the Commonwealth's request to certify the defendant as an habitual offender under § 46.2-351 et seq. of the 1950 Code of Virginia (as amended). The information and certificate filed by the Commonwealth's Attorney in the case indicates that Mr. Ruiz was convicted four times between November, 1983, and December, 1989, of driving while intoxicated. One of these convictions was in November, 1983, for violation of a Falls Church city ordinance; the second, in May, 1987, was a conviction for a violation of the Fairfax County ordinance; the third, in January, 1989, is unclear whether the conviction was for a Fairfax County ordinance or the State statute; and the last, in December, 1989, was a conviction for a violation of the State statute.

The burden of proof in a habitual offender proceeding rests on the Commonwealth. *Willis v. Commonwealth*, 190 Va. 294 (1949). The habitual offender act provides that the transcript of convictions provided by the Commissioner of the Division of Motor Vehicles shall be prima facie

evidence of each offense shown by the transcript. Section 46.2-352. In effect, the filing of the certificate with the transcript attached creates a rebuttable presumption that the convictions shown thereon were valid predicate offenses for an habitual offender proceeding, and the burden of going forward with evidence to rebut that presumption shifts to the defendant. *Davis v. Commonwealth*, 219 Va. 808 (1979). The defendant in this case has attempted to meet that burden by arguing that the city or county ordinances under which Mr. Ruiz had been convicted were not "valid," as required by § 46.2-351(3), and thus could not be used as predicate offenses in a habitual offender proceeding.[1]

The defendant's argument is that the Falls Church city ordinance under which he was convicted in 1983 was invalid because it made "driving while intoxicated" a Class 2 misdemeanor at a time when the corresponding State statute made it a Class 1 misdemeanor. This disparity, according to the defendant, invalidates the ordinance under the provisions of § 15.1-132, which provides that "[n]o . . . ordinance [proscribing driving under the influence] shall provide for a lesser punishment than that prescribed by general law for a similar offense." Secondly, the defendant argues that the Fairfax County ordinance under which he was convicted in May, 1987, was invalid because it provided a lesser penalty for a second or subsequent conviction than was permitted under state law. Finally, defendant contends that the county ordinance under which he claims to have been convicted in January, 1989, was invalid because it prohibited the "driving or operating" of a vehicle while intoxicated, even though the enabling statute authorizing a county to adopt such an ordinance (§ 15.1-132) only authorized ordinances prohibiting the "driving" of vehicles under the influence, without mentioning "operating." Each of these contentions will be addressed in turn.

1. The Falls Church city ordinance (§ 20-2) under which the defendant was convicted in November, 1983, was adopted at a time when state law made driving while intoxi-

---

[1] Defendant concedes that the conviction under the state statute in December, 1989, is a valid predicate offense.

cated a Class 2 misdemeanor. In 1982, however, the General Assembly amended the State statute, reclassifying the offense from a Class 2 to Class 1 misdemeanor. The city did not amend its ordinance to adopt this change until May, 1987.[2]

The enabling statute under which the City of Falls Church was authorized to adopt a driving while intoxicated ordinance is § 15.1-132 of the Virginia Code. It is very clear that an ordinance adopted thereunder may not provide for a lesser punishment than that prescribed by the State statute for a similar offense. Since punishment for a Class 2 misdemeanor is less than the punishment for a Class 1 misdemeanor, the city ordinance in effect at the time Mr. Ruiz was charged and convicted was not valid, and his conviction thereunder may not be used as a predicate offense.

2. The penalty section of the Fairfax County driving while intoxicated ordinance that was in effect at the time of Mr. Ruiz's second offense in November, 1986 (conviction date: May 21, 1987) was § 82-4-21 of the Fairfax County Code. In establishing a penalty for a second or subsequent offense, the ordinance referred only to prior convictions under the ordinance and omitted any reference to prior convictions under the State statute. Thus, while the statute permitted enhanced punishment for a second or subsequent conviction under the statute or a valid ordinance, the ordinance did not afford an enhanced punishment if the first conviction was under the statute.

On its face, this makes the ordinance appear to be subject to the same objection as the Falls Church city ordinance discussed above. The Commonwealth argues, however, that under § 1-1-11 of the County Code, the Court should simply sever the defective portion of the ordinance; it maintains that the defective portion pertains only to

---

[2] The ordinance in effect in 1982 contained language which attempted to incorporate by reference any future changes to the Virginia Statute. The Virginia Attorney General, in April, 1982, opined that such an attempt to incorporate future amendments would be invalid. Report of the Attorney General (1981-1982), page 272, 273. The Court concurs with the Attorney General's opinion. A legislative body may not delegate its legislative authority to another governmental authority. See Chapel v. Commonwealth, 197 Va. 406 (1955).

the penalties for a second offense, and the defendant in this case was charged and punished as if it were a first offense (even though it was in fact at least his second). I believe that I cannot do this and achieve the result argued for by the Commonwealth. If I were to sever the "second offense" portion of the ordinance, the ordinance would still provide a lesser penalty than the statute, which includes an enhanced punishment for second and subsequent offenses.

Accordingly, I will rule that the Fairfax County ordinance under which Mr. Ruiz was convicted in May, 1987, was invalid for the same reason that the Falls Church city ordinance was invalid and a conviction thereunder may not be used as a predicate offense.

3. The transcript of convictions provided by the Commissioner in this case does not indicate whether the conviction in January, 1989, was for a violation of the State statute or county ordinance. The defendant has introduced into evidence a copy of the summons issued November 4, 1988, for driving while intoxicated, upon which charge Mr. Ruiz was convicted in January, 1989. The summons indicates that the defendant was charged with violation of county law, but the section of the law that is recited in the summons is a reference to the State statute, not to the county ordinance.[3]

Assuming that the defendant was convicted under the Fairfax County ordinance, the defendant contends that the ordinance is invalid because it prohibits the driving

---

[3] The arresting officer appears to have not filled in the blank on the form for the law section, though he did check off that it was a violation of county law. The law section number is filled in with a different pen, apparently by the judge at the time of conviction. She did not, however, change the summons to indicate that it was a violation of state law for which he was convicted. The court is unable to determine, from the face of the abstract, whether Mr. Ruiz was convicted under state or county law and could only resolve the issue by certifying the question to the General District Court of Fairfax County, pursuant to Section 46.2-354. However, since the court is of the opinion that the conviction of Mr. Ruis would be valid under either the county ordinance or the state statute, it is not necessary to request the District Court to certify which law he was convicted under. Instead, the court will assume for purposes of this argument that he was convicted under the county ordinance.

or *operating* of a vehicle while under the influence of alcohol. The enabling statute (§ 15.1-132) provides:

> the governing bodies of cities, towns, and counties may make ordinances *prohibiting the driving* of motor vehicles, . . . in such cities, towns, and counties by any person while under the influence of alcohol . . . or under the influence of any other self-administered intoxicants or drug of whatsoever nature and may prescribe fines and other punishment for violation of such ordinances. (Emphasis added.)

Does the ordinance's prohibition of driving *or operating* exceed the statutory authority to prohibit driving under the influence? I think not. The State statute against drunk driving prohibits both driving and operating a vehicle under the influence of alcohol. § 18.2-266. A companion statutory section, § 18.2-270, imposes penalties for a violation of § 18.2-266. If the term "driving" as used in § 15.1-132 does not include the concept of "operating," then any ordinance adopted under this section would fail the test set out later in the enabling statute which requires an ordinance to impose the same or greater punishment as general law, since the ordinance could impose no punishment for drunk "operating." To read § 15.1-132 in the way suggested by the defendant would render the enabling statute a nullity and would defeat the very purpose for which the General Assembly adopted it.

Accordingly, I will find that the Fairfax County ordinance under which Mr. Ruiz was convicted in January, 1989, is valid, and his conviction may be used as a predicate offense in determining the habitual offender status.

Since the defendant's convictions under the Falls Church city ordinance in 1983 and the Fairfax County ordinance in 1987 may not be used as predicate offenses, there are only two predicate offenses that are valid in this proceeding, and the rule to show cause why Mr. Ruiz should not be declared an habitual offender is accordingly dismissed.