# Richmond

COMMONWEALTH OF VIRGINIA EX REL. C. H. LAMB, ACTING
COMMISSIONER OF THE DIVISION OF MOTOR VEHICLES
v. GUY STOKLEY HILL, JR.

June 21, 1954.

Record No. 4242.

Present, All the Justices.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General* and *D. Gardiner Tyler, Assistant Attorney General*, for the appellant.

*Breeden & Hoffman*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

Pursuant to Code, § 46-421, as amended by Acts 1952, ch. 544, p. 850, C. H. Lamb, Acting Commissioner of the

Division of Motor Vehicles, hereinafter referred to as the Commissioner, notified Guy Stokley Hill, Jr., aged nineteen, a resident of the city of Norfolk, in writing, of the time and place of a hearing before the Commissioner, or his designated representative, to determine whether or not Hill's license to drive a motor vehicle should be suspended or revoked pursuant to the provisions of Code, § 46-420.

Section 46-420 empowers the Commissioner, after notice and a "due hearing," to "suspend or revoke for not more than one year * * * the operator's * * * license issued to any person under the provisions" of the "Motor Vehicle Safety Responsibility Act," embraced in chapter 6, § 46-386 ff., of the Code of 1950, "whenever it is satisfactorily proved at the hearing * * * that the licensee under charges:

"(1) Has, by reckless or unlawful operation of a motor vehicle, caused or contributed to an accident resulting in death or injury to any other person or in serious property damage,

"(2) Is incompetent to drive a motor vehicle,

"(3) Is afflicted with mental or physical infirmities or disabilities rendering it unsafe for him to drive a motor vehicle upon the highways,

"(4) Is habitually a reckless or negligent driver of a motor vehicle,

"(5) Has committed a serious violation of the motor vehicle laws of this State,

"(6) Is an habitual drunkard, or

"(7) Is addicted to the use of drugs."

The notice charged, as a basis for the suspension or revocation of the license, (1) that Hill had been convicted of a number of "serious violations of the motor vehicle laws" of this State; (2) that in addition thereto, "by reckless or unlawful operation of a motor vehicle," he had caused or contributed to a number of accidents, resulting in serious property damage; and (3) that he was "an habitually reckless or negligent driver of a motor vehicle."

Upon the evidence adduced before a designated representative, the Commissioner entered an order suspending Hill's operator's license for a period of two months on the ground that it had been "satisfactorily proved" at the hearing that he had committed three "serious violations of the motor vehicle laws" of this State, and that he was "an habitually reckless or negligent driver."

In accordance with Code, § 46-424, as amended by Acts 1952, ch. 544, pp. 850, 851, Hill filed a "petition of appeal" in the Corporation Court of the city of Norfolk from the Commissioner's order of suspension. The court, after reviewing the evidence adduced before the hearing representative, reversed the suspension order of the Commissioner. To review that order of reversal the Commissioner has appealed to this court as of right, as authorized by Code, § 46-424, as amended.

The notice of the hearing charged that Hill had committed "the following serious violations of the motor vehicle laws of this State," resulting in these convictions:

| Date of Conviction | Court | Offense and Judgment |
|---|---|---|
| November 18, 1949 | Juvenile and Domestic Relations Court, City of Norfolk | Speeding—Fined $25 and costs |
| May 14, 1952 | Police Court, City of Norfolk | Speeding—Fined $25 and costs |
| May 21, 1952 | Police Court, City of Norfolk | Failing to keep to right—Fined $5 and costs |
| July 16, 1952 | Police Court, City of Norfolk | Failing to stop—Fined $5 and costs |
| August 20, 1952 | Police Court, City of Norfolk | Light law violation—Fined $5 and costs |
| November 12, 1952 | Police Court City of Norfolk | Speeding—Fined $25 and costs |

The notice, the sufficiency of which was not questioned, carried the name of the arresting police officer involved in each incident, and the names of those who had been subpoenaed to appear at the hearing.

At the hearing before the Commissioner's representative abstracts of conviction of the six alleged "serious violations" detailed in the notice were introduced. The oral evidence related to only two of these incidents.

R. E. L. Cooper, a police officer of the city of Norfolk, testified that on April 30, 1952, at approximately 11:30 p. m., he apprehended Hill who was driving a truck for several blocks north on Llewellyn avenue, in the city, at a speed of fifty miles per hour in a zone where the maximum speed was restricted to twenty-five miles per hour. The officer described the street as being "very narrow," and said that just before Hill was apprehended, and while he was driving at fifty miles per hour, Hill passed another car at a place where "there is a bad dip in the road." Such conduct, the officer testified, was hazardous. As his excuse for exceeding the speed limit, Hill then told the officer that he was taking a patient to the hospital. The officer followed Hill to the hospital and upon investigation found that Hill's passenger required no emergency treatment.

Hill did not testify, nor did he offer any evidence with respect to the incident. For this offense he was convicted of speeding and fined $25 and costs in the police court on May 14, 1952.

Officer S. M. Stewart of the Norfolk Police Department, testified that on October 21, 1952, he apprehended Hill who was driving a truck and racing with another motorist for three to four blocks at a speed of from thirty-eight to forty miles per hour along Lafayette Boulevard, in the city of Norfolk, and through a zone where the maximum speed was restricted to twenty-five miles per hour. The drivers of both vehicles were summoned to appear in the police court, and on November 12 Hill was convicted and fined $25 and costs for speeding in this instance.

This officer further testified that within "the last two or three years" he had observed Hill "speeding" on "at least ten" other occasions, but because he was unable to "clock" Hill's speed he refrained from giving him a summons on any of these occasions.

Hill did not testify or offer any evidence to refute the officer's testimony with respect to these incidents.

Upon the filing of the "petition of appeal" in the lower court the Commissioner, pursuant to Code, § 46-424, as amended, transmitted to the clerk of the court a copy of the notice of the hearing, a copy of the order appealed from, the transcript of the testimony taken before the examiner, and the exhibits filed therewith. After a consideration of these documents, and without hearing any additional evidence, the lower court entered the order here under review.

Code, § 46-424, as amended, gives the trial court broad powers in disposing of the "petition of appeal" from the order of the Commissioner. It provides in part:

"(d) The court, sitting without a jury, shall hear the appeal on the record transmitted by the Commissioner and such additional evidence as may be necessary to resolve any controversy as to the correctness of the record, and the court shall receive such other evidence as the ends of justice require.

"(e) The court may affirm the decision of the Commissioner or remand the case for further proceedings; or it may reverse or modify the decision if the findings, conclusion, or decision of the Commissioner is (1) in violation of constitutional provisions or (2) in excess of statutory authority or jurisdiction of the Commissioner; or (3) made upon unlawful procedure; or (4) affected by other error of law; or (5) unsupported by the evidence on the record considered as a whole; or (6) arbitrary, capricious, or an abuse of discretion; or (7) if such other evidence is heard may affirm, reverse or modify the decision as the ends of justice may require."

While the trial court's order appealed from does not state upon what ground the action of the Commissioner was reversed, the briefs on both sides agree that the reversal was based upon the finding that the Commissioner's order was unsupported by the evidence.

It will be observed that Code, § 46-420, on which the present proceeding is based, provides that "whenever" any one of the seven listed charges against a licensee has been "satisfactorily proved at the hearing conducted by the Commissioner," or his representative, the Commissioner may order a suspension or revocation of the license. Moreover, under item (5) of the section, a suspension or revocation may be ordered by the Commissioner upon a finding that the licensee "has committed a *serious violation* of the motor vehicle laws of this State." (Emphasis added.) Thus, satisfactory proof of a single "serious violation" may warrant a suspension or revocation.

As has been said, no additional evidence was adduced before the trial court which heard and determined the matter solely upon the record made before the hearing officer. There is no conflict in the evidence and the only question is whether, upon a fair reading of the record, it shows that the licensee either "has committed a serious violation of the motor vehicle laws of this State," or "is habitually a reckless or negligent driver of a motor vehicle."

The statute does not define a "serious" violation and hence we give the word its ordinary meaning. Webster's Unabridged Dictionary lists among its definitions of "serious": "Not trifling; grave; giving rise to apprehension; attended with danger."

We are of opinion that the evidence clearly establishes that the licensee was guilty of two violations of the motor vehicle laws of this State, either of which was "not trifling," but "serious" within the meaning of the statute. It is undisputed that on the night of April 30, 1952, he was driving a truck along Llewellyn avenue, a "very narrow street," at a speed of fifty miles per hour where the maximum speed

limit was restricted to twenty-five miles per hour, and passed another automobile at a point where there is a "bad dip" in the surface of the pavement. While he undertook to justify his excessive speed by explaining to the officer that he was carrying a person to the hospital, such an errand of mercy, assuming it to be such, did not warrant a breach of the law. *Hatfield* v. *Thomas*, 186 Va. 7, 12, 41 S. E. (2d) 460, 463. For this violation he was convicted in the police court and fined $25 and costs. This was no trifling incident, but as the officer testified, was attended with danger.

Within six months of this conviction the licensee was arrested on October 21, 1952, for racing with another motorist at a speed of forty miles per hour, along Lafayette Boulevard, through a zone where the maximum speed was restricted to twenty-five miles per hour. The racing of two motor vehicles at an excessive speed along a city street shows a willful recklessness and heedlessness on the part of the operators for the safety and rights of others. It is a serious and willful breach of the law. For this conduct the licensee was convicted and fined $25 and costs in the police court. At the hearing before the Commissioner's representative Hill offered no evidence, if any could have been adduced, in extenuation of his conduct.

The fact that no tragedy resulted from these violations of the law does not lessen the seriousness of the offenses. *Commonwealth* v. *Butler*, 191 Va. 193, 201, 61 S. E. (2d) 12, 16. The purpose of the statute (section 46-420) is to protect the public and remove from the streets and highways a driver who is likely to cause injury and damage before a tragedy occurs. *Prichard* v. *Battle*, 178 Va. 455, 462, 17 S. E. (2d) 393, 396.

We are of opinion that either or both of these serious violations of the motor vehicle laws of this State warranted the entry of the Commissioner's order suspending the appellee's license, and that such order should have been affirmed by the lower court.

Having reached this conclusion it is unnecessary that we determine whether the evidence justified the further finding of the Commissioner that the licensee "is habitually a reckless or negligent driver of a motor vehicle" and that on that ground, also, his license should have been suspended. *Commonwealth* v. *Butler, supra,* 191 Va., at pages 200, 201, 61 S. E. (2d), at page 16.

For these reasons the judgment of the lower court is reversed and the order of the Commissioner suspending the appellee's operator's license for a period of two months from the date of its surrender to the Division of Motor Vehicles is reinstated.

*Reversed and final judgment.*