# Staunton

C. H. Lamb, Commissioner of the Division of Motor Vehicles of the Commonwealth of Virginia v. Michael Banyer Clark.

September 6, 1957.

Record No. 4697.

Present, All the Justices.

The opinion states the case.

*D. Gardiner Tyler, Assistant Attorney General (J. Lindsay Almond, Jr., Attorney General,* on brief), for the appellant.

*Edwin H. Pierce, Jr. (Boothe, Dudley, Koontz & Boothe,* on brief), for the appellee.

EGGLESTON, J., delivered the opinion of the court.

Code, § 46-420 empowers the Commissioner of the Division of Motor Vehicles, after notice and a "due hearing," to "suspend or revoke for not more than one year * * * the operator's * * * license issued to any person under the provisions" of Chapter 6 of the Code of 1950 (§ 46-386 *ff*.), "whenever it is satisfactorily proved at the hearing * * * that the licensee under charges:

> \* \* \* \* \* \* \*

"(4) Is habitually a reckless or negligent driver of a motor vehicle,
"(5) Has committed a serious violation of the motor vehicle laws of this State, * * *."

Pursuant to Code, § 46-421, as amended by Acts 1952, ch. 544, p. 850, the Commissioner notified Michael Banyer Clark, a resident of the city of Alexandria, in writing, of the time and place of a hearing to determine whether his operator's license should be suspended or revoked under the provisions of Section 46-420.

The notice charged that Clark had committed the "following serious violations of the motor vehicle laws of this State," resulting in these convictions:

| Date of Conviction | Court | Offense |
| --- | --- | --- |
| July 19, 1950 | Trial Justice Court of Loudoun county | No inspection certificate |
| February 23, 1953 | Trial Justice Court of Culpeper county | Speeding 40 MPH in 25 MPH zone |
| June 4, 1953 | Mayor's Court of Fairfax | Speeding 50 MPH in 25 MPH zone |
| May 6, 1955 | Police Court of city of Norfolk, Part II | Speeding 50 MPH in 35 MPH zone |

| May 6, 1955 | Police Court of city of Norfolk, Part II | No inspection certificate |
| February 27, 1956 | Civil and Police Court of city of Alexandria | Disregarding stop sign |
| April 2, 1956 | Civil and Police Court of city of Alexandria | Disregarding stop sign |
| June 1, 1956 | Civil and Police Court of city of Alexandria | Disregarding stop sign |

In addition, the notice charged that Clark was an "habitually reckless or negligent driver of a motor vehicle" in that he had been convicted of the several specified offenses.

Upon the evidence adduced before a designated representative, the Commissioner entered an order suspending Clark's operator's license for a period of thirty days on both grounds. Under Code, § 46-424, as amended by Acts 1952, ch. 544, pp. 850, 851, Clark appealed from the suspension order to the Corporation Court of the city of Alexandria. That court, after reviewing the evidence adduced before the Commissioner and hearing the testimony of a single witness, reversed the suspension order. It concluded that the finding of the Commissioner that Clark "had committed serious violations of the motor vehicle laws of this State was unsupported by the evidence." The trial court's order further recited that there had been no finding by the Commissioner that Clark was "an habitually reckless or negligent driver of a motor vehicle" and that, therefore, that question was not before the court for determination. To review that order of reversal the Commissioner has appealed to this court as of right, as authorized by Code, § 46-424, as amended.

It appears from the record of the hearing before the Commissioner's representative that in addition to the abstracts of conviction of the several violations detailed in the charge, there was oral evidence relating to the circumstances resulting in the three convictions for disregarding stop signs in the city of Alexandria.

It is unnecessary to relate the circumstances which resulted in the convictions for disregarding the stop signs. Suffice it to say that in each instance Clark merely slowed down his car but did not bring it to a full stop before entering the intersection. While two of these violations occurred at arterial or "through" streets there was no evidence of any danger of a collision on any of the occasions.

In addition to this evidence which had been adduced before the Commissioner, the trial court heard the testimony of C. F. Young, Chief of Police of the town of Fairfax, with respect to Clark's conviction on June 4, 1953, for "speeding." This officer testified that at about 5:30 p. m. on May 23, 1953, he observed Clark driving east through the town on New street at a speed of 50 miles per hour in a zone where the speed limit was restricted to 25 miles per hour. Traffic, he said, at that time was "medium," but that the street is "very narrow and hilly in places."

The circumstances which resulted in the other convictions for speeding are not shown. Clark testified that in June, 1953, his license was revoked because of his convictions on February 23 and June 4 of that year for speeding in Culpeper county and in the town of Fairfax, respectively.

■ Before us the first contention of the Attorney General is that each violation of the speed limit and each failure to obey the stop sign constituted a "serious violation" within the meaning of Section 46-420(5), which warranted the Commissioner in suspending Clark's license therefor. In the view we take of the matter it is not necessary that we decide whether any one or all of these violations warranted a revocation of the license on this ground, for we agree with the position of the Attorney General that the record fully supports the charge that Clark "Is habitually a reckless or negligent driver of a motor vehicle" within the meaning of Section 46-420(4), and that the revocation of his license on that ground was proper.

A summary of the licensee's record from February 23, 1953, to June 1, 1956, shows three convictions for "speeding" and three convictions for disregarding stop signs. The record further shows that despite his prior convictions the driving habits of the licensee have not recently improved. Within the period from May 6, 1955, to June 1, 1956 (the latter date being shortly before the present suspension charges were preferred), he was convicted on one charge of speeding and three charges of disregarding stop signs. Although convicted of and fined for disregarding a stop sign on February 27, 1956, this made little impression on him for he committed similar offenses on March 21 and May 22 of the same year.

■ One of the purposes of these provisions authorizing the revocation or suspension of a driver's license is to impress upon the licensee the duty and necessity of obeying the traffic laws of this State which the General Assembly has enacted for the safety of the

public. *Commonwealth* v. *Butler*, 191 Va. 193, 201, 61 S. E. 2d 12, 16. Another, and even more important purpose, is to remove from the streets and highways a driver who is likely to cause injury and damage before a tragedy occurs. *Commonwealth* v. *Hill*, 196 Va. 18, 24, 82 S. E. 2d 473, 476.

The appellee, Clark, argues and the trial court held that the Commissioner made no finding that he "is habitually a reckless or negligent driver," and that, therefore, the order of suspension cannot be sustained on that ground. We do not agree with· this position.

Code, 1952 Cum. Supp., § 46-422.2 (Acts 1952, ch. 544, p. 851), provides:

"*Form and contents of decision.*—Any decision or order of the Commissioner to be valid and operative, must be reduced to writing and contain the explicit findings of fact and conclusions of law upon which the decision or order of the Commissioner is based. Certified copies of the decision or order shall be delivered to any party affected by it."

The order of the Commissioner which constitutes his findings directs the suspension of the license on several enumerated grounds:

" * * * [I]t being satisfactorily proved at a hearing * * * on July 31, 1956, that you did commit the following serious violations of the motor vehicle laws of this State, resulting in your convictions, to. wit: [Here follow several convictions specified in the notice of the hearing and detailed above.]

"In addition, you did commit the following violations of the motor vehicle laws of this State, resulting in your convictions, to wit: [Here follow two convictions for failure to have a State inspection sticker.]

"In addition, it is *charged* that you are an habitually reckless or negligent driver of a motor vehicle in that you have been convicted of the violations cited above." (Emphasis added.)

The argument of the appellee is that this last paragraph is merely an allegation or charge that he is "an habitually reckless or negligent driver," but not a finding or conclusion to that effect.

Obviously, the order would have been clearer had it stated that "it is *found*" or "it is *proved*" that the licensee is an habitually reckless or negligent driver. But clearly that was its intent and meaning. The notice of the hearing made such a charge or allegation against the licensee, and one of the main purposes of the administrative hearing was to determine whether that allegation was proved. If the last paragraph of the order was intended merely to

reiterate the allegation or charge, it served no purpose and had no place or meaning in the Commissioner's order or finding.

Reading the order as a whole we think its plain purpose or intent was to state that the Commissioner had found or decided that by reason of the enumerated convictions the licensee (1) had committed serious violations of the motor vehicle laws of the State and (2) was an habitually reckless or negligent driver of a motor vehicle, and that because of these findings the license was being suspended for the stated period.

This conclusion is in accord with the mandate in Code, § 46-388, that the provisions of these statutes "be liberally construed so as to effectuate as far as legally and practically possible and feasible" their primary objective.

In *Lamb* v. *Rubin*, 198 Va. 628, 96 S. E. 2d 80, we reversed the judgment of the lower court which overturned the finding of the Commissioner that a licensee was habitually a reckless or negligent driver under circumstances somewhat similar to those in the present case. An inspection of the order of the Commissioner entered in that case shows that it is phrased in precisely the same language as that which is used in the present case.

For these reasons, the judgment of the trial court is reversed and the order of the Commissioner suspending the license for a period of thirty days from the date of its surrender to the Division of Motor Vehicles is reinstated.

*Reversed and final judgment.*