STATE v. WILLIAM DALTON WOOD

(Filed 6 November, 1957)

**Automobiles §§ 3, 72—**

The stipulations between counsel for defendant and the solicitor, together with defendant's admissions and the State's evidence, considered in the light most favorable to the State, *held* sufficient to support conviction of defendant of driving on a public highway while under the influence of intoxicating liquor and operating a motor vehicle on a public highway after permanent revocation of driver's license.

STATE *v.* WOOD.

APPEAL by defendant from *Hobgood, J.,* at July 8, 1957 Regularly Assigned Criminal Court, of WAKE.

Criminal prosecution upon three warrants issued out of Recorder's Court of Garner, North Carolina, charging defendant with these offenses on 5 June, 1957:

In Number 7055, "driving an automobile on the public highway of North Carolina while under the influence of some intoxicating liquor, this being the fourth offense";

In Number 7056, "operate a motor vehicle on a public highway in North Carolina during the time his driver's license had been permanently revoked"; and

In Number 7057, "display or cause to be displayed and have in his possession an operator's license, knowing the same to have been revoked, suspended or altered."

Upon trial in said Recorder's Court, defendant pleaded not guilty as to each charge, but was adjudged guilty as to each. And from judgments pronounced thereon, defendant appealed to Superior Court of Wake County.

In Superior Court the cases were consolidated for the purpose of trial, and came on for trial. Again defendant pleaded not guilty to the charges preferred in the respective warrants.

And upon trial motions of defendant were aptly made for nonsuit as to each charge. The trial court allowed the motion as to the charge set forth in case Number 7057, but overruled the motions as to the charges in cases Numbers 7055 and 7056. And as to these two charges the jury returned verdict that the defendant is guilty on both counts.

Thereupon the judgment of the court is that the defendant be confined in the common jail of Wake County for a term of one year, and assigned to work the public roads under the supervision of the State Prison Department. Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney General Patton, Assistant Attorney General Harry W. McGalliard for the state.*
*Carl E. Gaddy, Jr., Daniel F. Lovelace for defendant appellant.*

PER CURIAM: The question is: Did the court err in denying defendant's motions for judgment as of nonsuit, and in failing to direct a verdict of not guilty as to the charges in the warrants.

The case on appeal discloses stipulation between counsel for defendant and the Solicitor of the State (1) that on 5 June, 1957, defendant's operator's license had been suspended by the Department of Motor Vehicles for the State, and had been re-

voked permanently; and (2) that prior to said date defendant had been convicted three times for driving motor vehicles upon the public highways of the State of North Carolina while under the influence of intoxicating liquor. And defendant, as witness for himself, testified that he was "pretty drunk at the time * * * was pretty high * * * and appreciably under the influence of intoxicating liquor,"—though he denied that he was driving on public highway.

In the light of this stipulation, and testimony of witnesses for the State and testimony of defendant, taken in the light most favorable to the State, the evidence is of sufficient probative force to support the verdict rendered by the jury.

Hence in judgment from which appeal is taken, there is

No error.