STATE v. JAMES EDWARD MUMFORD.

(Filed 23 March, 1960.)

**1. Criminal Law § 94—**

The statement of the court upon objection by defendant's counsel to the solicitor's smiling and laughing while cross-examining defendant's witness, "Look sour, Mr. Solicitor" cannot be held prejudicial when the record fails to show what occasioned the mirth and pleasantry complained of, since in the absence of such showing it cannot be ascertained that the occurrence had the effect of discrediting the witness.

**2. Criminal Law § 160—**

The burden is on appellant to show that the error complained of was prejudicial and amounted to a denial of a substantial right.

**3. Automobiles § 75:  Criminal Law § 134—**

Where, in a prosecution for operating a vehicle on a public highway while under the influence of intoxicating liquor, defendant admits in his testimony that he had theretofore been convicted of a similar offense, the court may assume the truth of the admission and instruct the jury peremptorily that if it should find the defendant guilty the verdict should show that it was for a second offense.

APPEAL by defendant from *Frizzelle, J.,* October-November 1959 Term, of LENOIR.

Defendant was tried in the Municipal-County Court of Kinston and Lenoir County on charge of operating a vehicle on the public highway while under the influence of intoxicating liquor, this being "the second such offense." From adverse verdict and judgment he appealed to Superior Court and trial was had *de novo.*

Plea: Not guilty. Verdict: "Guilty as charged, second Offense."

Judgment: Prison sentence, 3 months.

Defendant appealed and assigned errors.

*Attorney General Bruton and Assistant Attorney McGalliard for the State.*

*Clarence E. Gerrans for defendant, appellant.*

PER CURIAM. During cross-examination of a defense witness by the Solicitor, counsel for defendant objected "to the Solicitor smiling and laughing when cross-examining the witness." Thereupon the trial judge reproved: "Look sour, Mr. Solicitor." Defendant insists that the conduct of the Solicitor and the admonition of the court interjected such levity as to "totally discredit and impeach the witness."

A careful reading of the record in context fails to disclose what occasioned the mirth and pleasantry complained of. The content of the

testimony gives no clue. "The burden is on the appellant not only to show error, but to show prejudicial error amounting to the denial of some substantial right." *Taylor Co. v. Highway Commission,* 250 N. C. 533, 539, 109 S.E. 2d 243. The record fails to show that the statement of the trial judge tended to cast doubt upon the testimony of the witness or to impeach his credibility.

Defendant excepted to the charge of the court with reference to a prior conviction of defendant on a similar charge. During the course of the trial defendant, in open court, admitted a prior conviction. After such judicial admission, the court had the right to assume that it was true and to peremptorily instruct the jury to so consider it. *Miller v. Mateer,* 172 N.C. 401, 406, 90 S.E. 435.

The State's evidence was sufficient to take the case to the jury. The charge is free of prejudicial error. In the conduct of the trial we find nothing that justifies a new trial.

No error.