HENRY GRADY HONEYCUTT, PETITIONER v. EDWARD SCHEIDT, COM-MISSIONER OF MOTOR VEHICLES OF THE STATE OF NORTH CAROLINA, RESPONDENT.

(Filed 3 May, 1961.)

**1. Automobiles § 1—**

The General Assembly has authority under the police power to pre-scribe the conditions upon which licenses to operate motor vehicles shall be issued, suspended, or revoked, and it has designated the State De-partment of Motor Vehicles as the agency for the administration of its rules in regard thereto. G.S. 20, Art. 2.

**2. Automobiles § 2—**

The right to operate a motor vehicle upon the highways of this State is a conditional privilege and not a contractual or constitutional right, and the revocation or suspension of a license is an exercise of the police power in the interest of public safety and the safety of the licensee, and while such revocation or suspension has as one of its purposes to impress upon the licensee the duty and necessity of obeying the traffic laws, it is not punishment for violation of such laws.

**3. Same—**

The Department of Motor Vehicles properly suspends a motor vehicle operator's license upon proof that the licensee had been convicted of speeding 60 miles per hour in a 50 mile per hour zone on two separate occasions within a twelve month period even though one of the occasions had theretofore been used as the basis for a prior suspension of the license. G.S. 20-16 (a) (9) and G.S. 20-19.

APPEAL by petitioner from *Preyer, J.,* 17 October Civil Term 1960 of CABARRUS.

This case was heard upon stipulated facts, the substance of which is as follows:

On 15 December 1958 the petitioner, a truck driver, was convicted in the Municipal Court of the City of Greensboro, North Carolina, of the offense of speeding 60 miles per hour in a 50 miles per hour zone, the date of this offense being 1 December 1958.

On 26 March 1959 the petitioner was convicted in the Recorder's Court of Mecklenburg County, North Carolina, of the offense of speeding 60 miles per hour in a 50 miles per hour zone, the date of this offense being 3 March 1959.

Thereafter, on or about 3 April 1959, the respondent, acting under the provisions of G.S. 20-16 (a) (9), suspended petitioner's driver's license for a period of three months beginning 11 April 1959 for the two offenses of speeding above set out. This suspension was voluntarily removed by the respondent on 11 June 1959.

On 8 February 1960 the petitioner was convicted in the Superior Court of Guilford County (Greensboro Division), North Carolina, of

the offense of speeding 60 miles per hour in a 50 miles per hour zone, the date of this offense being 6 November 1959.

On 21 March 1960, the respondent, again purporting to act under the provisions of G.S. 20-16 (a) (9), issued an order suspending petitioner's operator's license for a period of four months beginning 24 March 1960, based upon the two offenses of speeding in excess of 55 miles per hour which occurred on 3 March 1959 and 6 November 1959.

This proceeding was instituted on 31 March 1960. In his petition the petitioner asked the court to overrule and reverse the order entered by the respondent on 21 March 1960, the petitioner contending that the conviction on 26 March 1959 for the offense of speeding which occurred on 3 March 1959, could not be twice used by the respondent as a basis for suspending petitioner's operator's license. Petitioner also asked the court to restrain respondent from enforcing the order entered on 21 March 1960. On 4 April 1960 an order was entered by the Honorable Walter E. Crissman, Judge Presiding over the courts of the Nineteenth Judicial District, enjoining and restraining the respondent until further order of the court from enforcing the order of suspension of petitioner's license. On 4 May 1960, counsel for respondent and petitioner agreed to the continuation of the restraining order until final determination of this proceeding.

This matter was heard at the 17 October 1960 Civil Term of the Superior Court of Cabarrus County upon the agreed statement of facts. Judgment was entered affirming the order of the respondent issued on 21 March 1960, suspending petitioner's operator's license, dissolving the temporary restraining order, and dismissing the proceeding. From this judgment the petitioner appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Thomas L. Young for the Commissioner.*

*W. M. Nicholson, Ledford & Ledford for petitioner.*

DENNY, J.  G.S. 20-16 provides: "(a) The Department shall have authority to suspend the license of any operator or chauffeur with or without preliminary hearing upon a showing by its records or other satisfactory evidence that the licensee: (9) Has, within a period of twelve (12) months, been convicted of two or more charges of speeding in excess of fifty-five (55) and not more than seventy-five (75) miles per hour, or of one or more charges of reckless driving and one or more charges of speeding in excess of fifty-five (55) and not more than seventy-five (75) miles per hour."

It is provided in subsection (c) of G.S. 20-16, as amended by Chap-

ter 1242 of the Session Laws of 1959, that, " * * * Upon the restoration of the license or driving privilege of such person whose license or driving privilege has been suspended or revoked because of conviction for a traffic offense, any points that might previously have been accumulated in the driver's record shall be cancelled." However, in cancelling the points accumulated over the period stipulated in the statute upon which a suspension may be ordered, such cancellation does not cancel or change the number of convictions upon which a license may be suspended under the provisions of G.S. 20-16 (a) (9). Moreover, Chapter 1242 of the Session Laws of 1959, amending our Uniform Drivers' License Act and establishing our present point system, in section 3 thereof, provides: "This Act is in addition to all other laws relating to the suspension or revocation of operators' and chauffeurs' licenses." Therefore, the provisions of the 1959 Act, establishing the point system now in effect in this State, does not purport to repeal, modify or change in any manner the provisions of G.S. 20-16 (a) (9). Furthermore, it is provided in G.S. 20-16, subsection (c): "The Department shall maintain a record of convictions of every person licensed or required to be licensed under the provisions of this article as an operator or chauffeur and shall enter therein records of all convictions of such persons for any violation of the motor vehicle laws of this State and shall assign to the record of such person, as of the date of commission for the offense, a number of points for every such conviction in accordance with the following schedule of convictions and points, except *that points shall not be assessed for convictions resulting in suspensions or revocations under other provisions of laws: * * *.*" (Emphasis added.)

In the case of *Fox v. Scheidt, Comr. of Motor Vehicles,* 241 N.C. 31, 84 S.E. 2d 259, this Court said: "The General Assembly has full authority to prescribe the conditions upon which licenses to operate automobiles are issued, and to designate the agency through which, and the conditions upon which licenses, when issued shall be suspended or revoked. *S. v. McDaniels,* 219 N.C. 763, 14 S.E. 2d 793. G.S.N.C. 20 — Art. 2 vests exclusively in the State Department of Motor Vehicles the issuance, suspension and revocation of licenses to operate motor vehicles. *S. v. Warren,* 230 N.C. 299, 52 S.E. 2d 879.

" 'The right of a citizen to travel upon the public highways is a common right, but the exercise of that right may be regulated or controlled in the interest of public safety under the police power of the State. The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate

is not a contract or property right in a constitutional sense.' *Commonwealth v. Ellett,* 174 Va. 403, 4 S.E. 2d 762."

It was pointed out in *Harvell v. Scheidt, Comr. of Motor Vehicles,* 249 N.C. 699, 107 S.E. 2d 549, that, it is well to keep in mind that the suspension or revocation of a driver's license is no part of the punishment for the violation or violations of traffic laws. It will be deemed that the court or courts in which the licensee was convicted, meted out the appropriate punishment under the facts and circumstances of each case. The purpose of the suspension or revocation of a driver's license is to protect the public and not to punish the licensee. However, the suspension or revocation of a driver's license should serve to impress such offender with the necessity for obedience to the traffic laws and regulations, not only for the safety of the public but for his own safety as well. *Harrell v. Scheidt, Comr. of Motor Vehicles,* 243 N.C. 735, 92 S.E. 2d 182.

Likewise, in the case of *Lamb v. Clark,* 199 Va. 374, 99 S.E. 2d 597, *Eggleston, J.* (now *C.J.*), in speaking for the Court, said: "One of the purposes of these provisions authorizing the revocation or suspension of a driver's license is to impress upon the licensee the duty and necessity of obeying the traffic laws of this State which the General Assembly has enacted for the safety of the public. *Commonwealth ex rel. Joyner v. Butler,* 191 Va. 193, 201, 61 S.E. 2d 12, 16. Another, and even more important purpose, is to remove from the streets and highways a driver who is likely to cause injury and damage before a tragedy occurs. *Commonwealth ex rel. Lamb v. Hill,* 196 Va. 18, 24, 82 S.E. 2d 473, 476."

It is not unusual for a statute to prescribe a higher penalty in case of repeated convictions for similar offenses. But a warrant or indictment for "a subsequent offense must allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute in order to subject the accused to the higher penalty." *S. v. Miller,* 237 N.C. 427, 75 S.E. 2d 242; G.S. 15-147; G.S. 90-111; G.S. 20-179; *S. v. Mumford,* 252 N.C. 227, 113 S.E. 2d 363; *S. v. Wood,* 247 N.C. 125, 100 S.E. 2d 207; *S v. White,* 246 N.C. 587, 99 S.E. 2d 772; *S. v. Stone,* 245 N.C. 42, 95 S.E. 2d 77.

The proceeding now under consideration is civil and not criminal in its nature. *Commonwealth v. Ellett, supra.* Therefore, in our opinion, the respondent was duly authorized by the provisions of G.S. 20-16 (a) (9) and G.S. 20-19 to suspend the petitioner's operator's license for a period of four months, beginning with 24 March 1960, based on the two convictions for speeding in excess of 55 miles per hour in a 50 miles per hour zone, which occurred on 3 March 1959 and 6 November 1959.

The record on appeal does not expressly state that the petitioner was driving a truck each time he was arrested for speeding 60 miles per hour in a 50 miles per hour zone, but we so construe the record.

The judgment of the court below is

Affirmed.