COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


ERIC DWAYNE NOLEN
                                                          OPINION BY
v.        Record No. 2422-07-1                    JUDGE JERE M. H. WILLIS, JR.
                                                          MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
William C. Andrews, III, Judge

Ben Pavek (Office of the Public Defender, on brief), for appellant.

Erin M. Kulpa, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


On appeal from his bench trial conviction of felonious violation of Code § 16.1-253.2,

Eric Dwayne Nolen contends the evidence was insufficient to prove he inflicted "serious bodily

injury."  Finding the evidence sufficient, we affirm the judgment of the trial court.

Background

Code § 16.1-253.2 provides in pertinent part:  "[A]ny person who violates any provision

of a protective order . . . is guilty of a Class 1 misdemeanor. . . .  If the respondent commits an

assault and battery upon any party protected by the protective order, resulting in serious bodily

injury to the party, he is guilty of a Class 6 felony."

On review of a challenge to its sufficiency, we view the evidence in the light most

favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable

inferences fairly deducible therefrom.  See Commonwealth v. Jenkins, 255 Va. 516, 521, 499

S.E.2d 263, 265 (1998).  "The judgment of a trial court sitting without a jury is entitled to the

same weight as a jury verdict and will not be set aside unless it appears from the evidence that

the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citations omitted).

On March 15, 2007, the Hampton Juvenile and Domestic Relations District Court issued a protective order on behalf of the victim against Nolen, the victim's former boyfriend. The protective order was to remain in effect until March 12, 2009. On March 31, 2007 at about 9:30 p.m., Nolen began telephoning the victim, leaving her threatening messages. At approximately 12:30 a.m. on April 1, 2007, the victim arrived at her residence. As she tried to open the door, Nolen appeared and grabbed her keys. He hit her and dragged her toward the backyard. As she sat on the ground, leaning against the house, he kicked her repeatedly in her head, chest, shoulders, face, and back. She estimated he hit or kicked her fifteen to twenty times.

After the assault, the victim was unable to stand without assistance. She had a large bruise on her chest and other bruises, and shoe prints or tread marks, on her chest and forehead. Her lip was lacerated and bleeding. She was transported to a hospital where she received a chest x-ray, pain medication, and a prescription for pain medication. A witness who arrived on the scene after the assault testified that blood was "everywhere."

Photographs of the victim's injuries were admitted into evidence. One of the photographs, taken several days after the assault, showed a shoe or tread print on her forehead. As a consequence of the assault, she missed four days of work and twice consulted a doctor for pain medication. She testified that she took over 180 prescription and non-prescription pain pills within a few weeks of the assault and that she was still experiencing pain at the time of the trial on July 25, 2007.

At the conclusion of the Commonwealth's evidence, Nolen moved to strike, arguing that the victim's injuries did not constitute "serious" bodily injury required to prove a felonious violation of Code § 16.1-253.2. The trial court denied the motion, stating, "[W]hen a woman is

stomped so hard that three days after the injury she has a tread mark of a shoe or work boot on her head, that's a serious injury." It noted the victim had a cut and bleeding lip and that a witness had testified that after the assault, blood was "everywhere." It convicted Nolen of felonious violation of the protective order.[1]

Analysis

Code § 16.1-253.2 does not define "serious bodily injury." No Virginia appellate court has addressed the meaning of the phrase in the context of the statute. Nolen cites Code § 16.1-283(E) and Code § 18.2-371.1 and urges that we adopt the definitions found in those statutes. We decline to do so.[2]

Code § 16.1-283(E) provides for termination of the parental rights of one who inflicts "serious bodily injury" on a child with whom he resides. The statute provides: "As used in this section: '*Serious bodily injury*' means bodily injury that involves substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ or mental faculty." We hold that the foregoing definition is inapplicable to this case. By its terms, it applies only to Code § 16.1-283(E). That statute provides for termination of the highly protected parent/child relationship. It follows logically that invocation of this sanction requires proof of extreme circumstances.

Likewise, Code § 18.2-371.1 imposes criminal liability on one who inflicts or permits the infliction of "serious injury" on a child in his custody. The statute provides that the term "'serious injury' shall include but not be limited to" certain enumerated specifications. We hold

---

[1] The trial court also found appellant guilty of maiming in violation of Code § 18.2-51 and assault and battery in violation of Code § 18.2-57.2. However, appellant does not challenge those convictions.

[2] We need not, and do not, decide whether the victim's injuries could satisfy the provisions of Code §§ 16.1-283(E) or 18.2-371.1. We consider only whether her injuries constituted "serious bodily injur[ies]" under Code § 16.1-253.2.

that those specifications do not limit our consideration of the term "serious bodily injury" in this case. They relate to a specific legislative concern, the protection of children in custodial relationships. Furthermore, the statute expressly provides that the term "serious injury" is not limited to the enumerated specifications.

The victim in this case was bruised and lacerated, bore marks on her body, and bled. She missed several days of work and suffered pain, requiring medication for an extended period of time. "'Bodily injury comprehends, it would seem, *any bodily hurt* whatsoever.'" Bryant v. Commonwealth, 189 Va. 310, 316, 53 S.E.2d 54, 57 (1949) (quoting John B. Minor, [Exposition] of the Laws of Crimes and Punishments 67 (1894)). Unquestionably, the victim suffered bodily injury.

Turning to the meaning of "serious," "[i]t is a basic rule of statutory construction that a word in a statute is to be given its everyday, ordinary meaning unless the word is a word of art." Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991) (citing Lovisi v. Commonwealth, 212 Va. 848, 850, 188 S.E.2d 206, 208 (1972)).

> It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and popular meaning, unless it plainly appears that they were used in some other sense. If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute.

Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918) (citations omitted). See generally Brewster v. Commonwealth, 23 Va. App. 354, 357, 477 S.E.2d 288, 289 (1996) (holding that the phrase "serious bodily injury" referenced in Code § 46.2-817, the eluding statute, is not unconstitutionally vague).

Serious is defined as "grave in . . . appearance" or "requiring considerable care." Webster's Third New International Dictionary 2073 (1981).  In Commonwealth ex rel. Lamb v. Hill, 196 Va. 18, 23, 82 S.E.2d 473, 476 (1954), the Supreme Court addressed the meaning of "serious" in the context of the circumstances under which an operator's license may be suspended or revoked for a "serious violation" of the motor laws pursuant to former Code § 46-420 (recodified as Code § 46.2-402).  The Court stated:  "The statute does not define a 'serious' violation and hence we give the word its ordinary meaning.  Webster's Unabridged Dictionary lists among its definitions of 'serious':  'Not trifling; grave; giving rise to apprehension; attended with danger.'"  Hill, 196 Va. at 23, 82 S.E.2d at 476.

A "serious bodily injury" as proscribed by Code § 16.1-253.2 is one that can fairly and reasonably be deemed not trifling, grave, giving rise to apprehension, giving rise to considerable care, and attended with danger.  The injuries inflicted upon the victim satisfy this definition and support the trial court's holding that they constituted "serious" bodily injuries.

The judgment of the trial court is affirmed.

Affirmed.