COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Powell
Argued at Richmond, Virginia


MICHAEL JAMES DAVIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0430-08-2               JUDGE ELIZABETH A. McCLANAHAN
                                                          MAY 12, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
John R. Cullen, Judge

(Richard T. Harry, Jr., on brief), for appellant.  Appellant submitting
on brief.

Susan M. Harris, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Michael J. Davis appeals from his convictions for unauthorized use of a vehicle, damage

to property, leaving the scene of an accident, and driving on a suspended license, third offense.

He argues the evidence was insufficient to establish he was the driver of the vehicle at the time

of the accident and the trial court erred in refusing to properly instruct the jury regarding the

duties of a driver injured in an accident.  We affirm the trial court.

A.  Sufficiency of the Evidence

"On review of a challenge to its sufficiency, we view the evidence in the light most

favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable inferences

fairly deducible therefrom."  Nolen v. Commonwealth, 53 Va. App. 593, 595, 673 S.E.2d 920, 921

(2009).  "Sufficiency-of-the-evidence review involves assessment by the courts of whether the

evidence adduced at trial could support any rational determination of guilt beyond a reasonable

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

doubt." United States v. Powell, 469 U.S. 57, 67 (1984).  See also McMillan v. Commonwealth, 277 Va. 11, 15, 671 S.E.2d 396, 397 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009); Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, ___ (2009) (*en banc*).  As an appellate court, we rely "on the adversarial process to sort out the contested and the uncontested aspects of the case," Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*), and then review the trial court's factfinding "with the highest degree of appellate deference," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006).

The evidence proved Lewis Mills saw Davis get into Mills' vehicle and drive it out of Mills' driveway onto Oliver Creek Road. [1]  James Hallissy, standing in the driveway of another home on Oliver Creek Road, saw Mills' vehicle pass by at a "high rate of speed."  Seconds later, the Mills vehicle collided with another vehicle being operated by Kristen Washington.  When Hallissy arrived at the scene, he saw Davis at the back of Mills' vehicle, which had flipped over in the accident, trying to pull himself up from the ground.  When Washington exited her vehicle, she saw Davis lying in a field and asked Davis if he was alone in the vehicle.  Davis told Washington a woman was driving the vehicle and "fled" the scene.  Hallissy and Washington saw no other persons near Mills' vehicle.  Based on this evidence, we conclude the jury could rationally find beyond a reasonable doubt that Davis was the operator of Mills' vehicle at the time of the accident.  The jury was free to believe, as it obviously did, that Davis' statement to Washington about a female driver was pure fabrication.

---

[1] Mills initially told the deputies he did not know who took his vehicle in an effort to protect Davis.  "The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination."  Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998).  To the extent Mills' testimony conflicted with his prior statements to the deputies, we presume the jury resolved such conflict in favor of the Commonwealth.

B. Instruction of the Jury

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). "[J]ury instructions are proper only if supported by the evidence" and "more than a scintilla of evidence is necessary." Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998). Even if an instruction correctly states the law, "if it is not applicable to the facts and circumstances of the case, it should not be given." Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978).

Davis was convicted of leaving the scene of an accident in violation of Code § 46.2-894, the first paragraph of which states:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in § 46.2-888, and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

At trial, Davis requested the trial court instruct the jury regarding the duties owed by a driver who is "unable to provide the information due to his medical situation." Although Davis did not proffer a specific instruction, his request was based on the second paragraph of Code § 46.2-894, which states:

> Where, because of injuries sustained in the accident, the driver is prevented from complying with the foregoing provisions of this section, the driver shall, as soon as reasonably possible, make the required report to the State Police or local law-enforcement agency and make a reasonable effort to locate the person struck, or the driver or some other occupant of the vehicle collided with, or the custodian of the damaged property, and report to such person or persons his name, address, driver's license number, and vehicle registration number.

The trial court refused Davis' request, finding there was no evidence to support an instruction based on the second paragraph of the statute, and instructed the jury regarding the duties as set forth in the first paragraph of Code § 46.2-894.

Davis contends he suffered head injuries in the accident and the trial court erred in failing to give the jury an instruction based on the second paragraph of Code § 46.2-894. We disagree. Although there was evidence Davis' head was bleeding, his arm and chest were bruised, and he was stumbling and lying down in a field immediately after the accident, both Washington and Hallissy testified Davis stood, spoke to both of them, walked away from the scene on his own accord, and continued walking along Oliver Creek Road. There was no evidence Davis was injured such that he was "prevented from complying" with the first paragraph of Code § 46.2-894.[2] Accordingly, it was not error for the trial court to refuse an instruction based on the second paragraph of Code § 46.2-894.

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>

---

[2] Both Washington and Deputy Phillip Snoddy of the Fluvanna Sheriff's Office, who investigated the accident, testified Davis never provided his name, address, driver's license number, or vehicle registration number to them as required by Code § 46.2-894. Furthermore, according to Deputy Snoddy, Davis never reported the accident to him or anyone else in the Fluvanna Sheriff's Office. Thus, even if Davis had been "prevented from complying" with the first paragraph of Code § 46.2-894, there was no evidence he reported the accident as soon as "reasonably possible" to the sheriff's office or that he provided Washington with the required information to justify an instruction incorporating the second paragraph of the statute.